STATE OF NORTH CAROLINA v. EARL LEE JONES

No. 8412SC332

(Filed 5 February 1985)

1. **Larceny § 6.1— ownership and value of property—evidence admissible**

   In a prosecution of defendant for felonious larceny of a television and video recorder from an appliance store, there was no merit to defendant's contention that the trial court erred in allowing the store manager to give inadmissible hearsay testimony as to ownership and value of the stolen items.

2. **Criminal Law § 162— voluntariness of confession—failure to object—no appellate review**

   Defendant was not entitled to appellate review of the trial court's determination with respect to voluntariness of his incriminating statements, since defendant did not move to suppress or object at trial to their admission. G.S. 15A-1446; Appellate Rule 10(b)(1).

3. **Criminal Law § 138— sentencing—defendant's immaturity or limited mental capacity—no mitigating factor**

   Evidence was insufficient to require the trial court to find as a statutory mitigating factor that defendant's immaturity or his limited mental capacity at the time of the commission of the offense significantly reduced defendant's culpability for the offense, since the evidence consisted of testimony by a member of the Fayetteville Police Department who testified, on cross-examination, that defendant had never been able to keep a job and could not read or write, and that defendant had gone to high school for several years; furthermore, the evidence did not address the issue of culpability, i.e., whether defendant understood the nature and severity of the offense he committed. G.S. 15A-1340.4(a)(2)(3).

APPEAL by defendant from *Britt, Samuel E., Judge.* Judgment entered 1 December 1983 in CUMBERLAND County Superior Court. Heard in the Court of Appeals 8 January 1985.

Defendant was convicted of felonious larceny. At trial, the State's evidence tended to show the following events and circumstances. Defendant and another male were observed in the Curtis Mathes Store in Fayetteville. Defendant engaged Mike Beal, the store manager, in conversation while the other man went to the rear of the store. After about ten minutes, the man who had gone to the rear of the store returned to the front, stated he was "ready to go," and the two men then left the store. Shortly thereafter, Donna Lloyd came in the store and stated that two men had just left the rear of the store with some merchandise. Beal then determined that a 13 inch color television set and

a video recorder were missing from the store. Donna Lloyd and Laura Sanders saw defendant and another man carrying a television set and a video recorder out of the rear of the store and place the items in a car and drive off. Debra Valentine identified defendant as the person driving the car. Detective James Johnson arrested defendant. Following questioning by Johnson, defendant made an incriminating statement to Johnson.

Defendant did not testify, but presented evidence tending to show that he was not at the Curtis Mathes Store on the day of the crime.

Defendant was sentenced to a term of six years, a sentence in excess of the presumptive term.

*Attorney General Rufus L. Edmisten, by Special Deputy Attorney General Ann Reed, for the State.*

*Appellate Defender Adam Stein, by James R. Glover from the Appellate Defender Clinic of the University of North Carolina School of Law, for defendant.*

WELLS, Judge.

[1] Pursuant to his first assignment of error, defendant contends that the trial court erred in allowing Mike Beal, the Curtis Mathes store manager, to give inadmissible hearsay testimony as to ownership and value of the stolen television set and video recorder. The objected to testimony occurred in the following exchange:

Q. What happened next?

A. All right. The next thing that happened was Mrs. Lloyd, Donna Lloyd came in just a few minutes after they left and told us that she had seen two black males leave the back of our store with a television and a video recorder. So, we decided it was ours and I called Sanford to get an inventory of our floor, what we had on the floor.

Q. Did they provide the inventory for you?

A. Right.

Q. What did the inventory show?

A. All right. We—

Q. —of course, I assume you checked it against what you had?

A. We checked everything on the floor then and confirmed that we had a 13 inch—

Mr. Williams: Objection, your Honor.

Court: Objection to what?

Mr. Williams: To what he is fixing to say about somebody else telling him some information about what inventory they had.

Court: He hasn't testified to that. He is fixing to testify to what he determined. Overruled.

Mr. Ammons: What did you determine?

A. We checked our inventory against the inventory that was in Sanford and determined that we were missing a 13 inch remote television and a video recorder.

Q. What was the value of the 13 inch television set?

A. $585.00.

We do not find that the probative force of Mr. Beal's testimony, as it related to the ownership or value of the missing items, as being dependent upon the competency or credibility of any other person, or that the assertion of any other person than Mr. Beal was offered to prove the ownership or value of the missing items. *See* 1 Brandis, N.C. Evidence § 128 (2d rev. ed. 1982) and cases cited and discussed therein. This assignment is overruled.

[2] Pursuant to his next assignment of error, defendant contends that his statements to Detective Johnson were involuntary and were obtained in violation of defendant's rights to be free from self-incrimination. The record (trial transcript) shows that defendant did not object to the introduction of his statement nor to testimony by Detective Johnson as to the contents of defendant's statement. Defendant contends, however, that such an objection is not necessary to afford appellate review, *citing State v. Davis*, 305 N.C. 400, 290 S.E. 2d 574 (1982) and *State v. Pearce*, 266 N.C. 234, 145 S.E. 2d 918 (1966) in support of his argument. N.C. Gen.

Stat. § 15A-1446 (1983) provides the requisites for preserving the right to appellate review of a criminal trial. Subsection (a) of the statute provides that "[e]xcept as provided in subsection (d), error may not be asserted upon appellate review unless the error has been brought to the attention of the trial court by appropriate and timely objection or motion." Defendant's asserted error in this assignment does not fall within any of the exceptions set forth in subsection (d). Furthermore, Rule 10(b)(1) of the Rules of Appellate Procedure (effective 1 July 1975) provides the scope of appellate review shall be limited to exceptions "properly preserved for review by action of counsel taken during the course of proceedings in the trial tribunal by objection noted or which by rule of law was deemed preserved or taken without any such action. . . ."

In *Davis*, the defendant, after having been given *Miranda* warnings, confessed to murder. Upon appeal, the defendant contended that his confession should have been suppressed because it was coerced, having been given after defendant had stated to his interrogators that he did not want to talk about the case he was being questioned about, and that his statement was therefore involuntary even though it was given after defendant had been given *Miranda* warnings. The supreme court resolved this issue against the defendant, finding that defendant's statement was made in a non-custodial setting. In resolving this issue against the defendant, the court found that the trial court's order following a *voir dire* hearing on the defendant's motion to suppress was faulty. We quote the portion of the court's opinion on which defendant in this case relies:

> The defendant quite correctly points out in his brief that the trial court found as a fact that the defendant was not in custody on the first occasion during which he was questioned in the detective offices and that the trial court failed to make any conclusion as to whether the defendant was in custody during the second and crucial period of questioning. The determination whether an individual is 'in custody' during an interrogation so as to invoke the requirements of *Miranda* requires an application of fixed rules of law and results in a conclusion of law and not a finding of fact. To the extent that our prior opinion in *State v. Clay*, 297 N.C. 555, 256 S.E. 2d

State v. Jones

176 (1979) may be taken as indicating that this determination is a finding of fact, that case is disapproved.

The defendant further contends, and we agree, that these circumstances do not prevent us from determining the admissibility of the defendant's confession in the present case. Since the legal significance of the findings of fact made by the trial court is a question of law, these findings are sufficient to allow us to resolve the issue presented. *See State v. Rook*, 304 N.C. 201, 283 S.E. 2d 732 (1981). Further, where the historical facts are uncontroverted and clearly reflected in the record, as in the present case, we may review the trial court's ruling on the admissibility of a confession in the absence of complete findings of fact and conclusions of law and even in the absence of a ruling by the trial court on the admissibility of the confession. *See State v. Pearce*, 266 N.C. 234, 145 S.E. 2d 918 (1966).

*State v. Davis, supra.*

We reject the notion that any of the above quoted material of the court's opinion in *Davis* provides the basis for appellate review of the admission of a confession or incriminating statement where there has been no motion to suppress the statement or objection at trial to its admission. *State v. Pearce, supra,* having been decided prior to the enactment of G.S. § 15A-1446 or the present Rules of Appellate Procedure, it is of no avail to defendant on this argument. This assignment is overruled.

We have carefully considered defendant's argument presented pursuant to defendant's third assignment of error. We find defendant's argument to be totally without merit, and therefore overrule it without discussion.

[3] Pursuant to his fourth assignment of error, defendant contends that the trial court erred in imposing a sentence in excess of the presumptive term. The trial court found one factor in aggravation and found no mitigating factors. Defendant contends that the trial court should have found as a statutory mitigating factor that defendant's immaturity or his limited mental capacity at the time of the commission of the offense significantly reduced defendant's culpability for the offense. N.C. Gen. Stat. § 15A-1340.4(a)(2)(e) (1983).

State v. Jones

Our supreme court has held that the trial court has the "duty . . . to find a mitigating factor that has not been submitted by defendant arises only when the evidence offered at the sentencing hearing supports the existence of a mitigating factor *specifically listed in N.C. Gen. Stat. § 15A-1340.4(a)(2)* and when the defendant meets the burden of proof established in *State v. Jones*, 309 N.C. 214, 306 S.E. 2d 451 (1983)." *State v. Gardner*, 312 N.C. 70, 320 S.E. 2d 688 (1984) (emphasis in original). Defendant's assignment of error meets the first *Gardner* criteria; assertion of a statutory mitigating factor under G.S. § 15A-1340.4(a)(2).

Defendant did not meet his burden of proof of the statutory mitigating factor as required by the second prong of *Gardner*. In *State v. Jones, supra* (citations omitted) the court held that:

[T]he defendant bears the burden of persuasion on mitigating factors if he seeks a term less than the presumptive. Thus, when a defendant argues, as in the case at bar, that the trial court erred in failing to find a mitigating factor proved by uncontradicted evidence, his position is analogous to that of a party with the burden of persuasion seeking a directed verdict. He is asking the court to conclude that 'the evidence so clearly establishes the fact in issue that no reasonable inferences to the contrary can be drawn,' and that the credibility of the evidence 'is manifest as a matter of law.'

The evidence that defendant contends supports his argument consisted of the testimony of a member of the Fayetteville Police Department who testified, on cross-examination, that defendant had never been able to keep a job and could not read or write and that defendant had gone to high school for several years. While the foregoing evidence was not contradicted, it was not sufficient to require the trial court to find either that defendant was immature, or of limited mental capacity; or assuming *arguendo* that the trial court could have found either immaturity or limited mental capacity on such sparse evidence, such evidence did not address the issue of culpability, i.e., whether defendant understood the nature and severity of the offense he committed. This assignment is overruled.

No error.

Judges ARNOLD and COZORT concur.