STATE OF NORTH CAROLINA v. LAWRENCE CURTIS HINES

No. 73A84

(Filed 1 October 1985)

1. Criminal Law § 138.21— aggravating factor—especially heinous, atrocious or cruel—no error

The trial court did not err by finding that a second degree murder was especially heinous, atrocious, or cruel where defendant confessed that he first slapped, then choked the victim with his hands, left him on the couch gasping for breath, and later returned with an extension cord and choked him five times with the cord before finally choking off his air supply.

2. Criminal Law § 138.24— aggravating factor—victim very old—error

The trial court erred by finding as an aggravating factor that a sixty-two-year-old victim of a second degree murder was very old where the victim had been a brickmason until he retired five years before his death, his retirement was due to a disability that was not age related, and he maintained a lively business selling drinks after his retirement and occasionally went fishing. A victim's age does not make a defendant more blameworthy unless the victim's age causes the victim to be more vulnerable than he or she otherwise would be to the crime committed. G.S. 15A-1340.4(a) (1983).

3. Constitutional Law § 63; Jury § 7.11— exclusion of jurors opposed to death penalty—no error

The trial court did not err by excluding jurors who had scruples against capital punishment.

Justice BILLINGS did not participate in the consideration or decision of this case.

BEFORE *Farmer, J.,* at 14 November 1983 Criminal Session of Superior Court, WAKE County, defendant was convicted of second

degree murder. Pursuant to N.C. Gen. Stat. § 7A-27 (1981), he appeals from a judgment sentencing him to life imprisonment.

*Rufus L. Edmisten, Attorney General, by Thomas J. Ziko, Assistant Attorney General, for the state.*

*Ann B. Petersen for defendant appellant.*

EXUM, Justice.

This case arises under the Fair Sentencing Act, N.C. Gen. Stat. § 15A-1340.4 (1983). That section establishes for certain felonies presumptive prison terms which must be imposed unless the sentencing judge determines after consideration of aggravating and mitigating factors, that a term longer or shorter than the presumptive term should be imposed. The trial judge found as aggravating factors in this case that defendant's crime was especially heinous, atrocious or cruel, G.S. 15A-1340.4(f), that the victim was very old, G.S. 15A-1340.4(j), and another factor not contested. He then imposed life imprisonment, a sentence in excess of the presumptive term for second degree murder. Defendant appeals from the imposition of life imprisonment. The issue is whether there is sufficient evidence to prove (1) that the crime was especially heinous, atrocious or cruel and (2) that the victim was very old. We find the evidence sufficient to prove only the first of these two aggravating factors and therefore remand the case to the trial court for a new sentencing hearing.

I.

Sometime during the night on 3 April 1983 Paul Stewart was strangled. He was found the following morning lying on a couch with a six-foot long extension cord wrapped around his neck.

Paul Stewart was average in height, 5 feet 10 inches, weighed 125 pounds and was sixty-two years old when his life was cut short. He had been a brickmason until he retired in 1978 after he was struck with a lead pipe and a bone was removed from one of his wrists. Since then he had been conducting a lively business selling liquor by the drink from his home. His son testified that occasionally "[h]e might go out fishing or something like that." There was no evidence he suffered from poor health and his autopsy did not reveal any debilitating condition.

After Stewart's body was found, defendant Curtis Hines visited the home of Harold and Geraldine Watson. Harold Watson had a conversation with Hines about the murder. He asked Hines if he killed Stewart. After first denying responsibility, Hines confessed he did it. Watson testified that Hines told him he "asked Paul Stewart, he wanted a drink, a drink of liquor for fifty cent." When Stewart refused to sell him a drink, Hines slapped Stewart. Hines then "went in" and "he choked, he choked him first." He left the room with Stewart lying on the couch gasping for breath. After "he thought about it," "[h]e went back" Hines told Watson. "That is when he took and choked him five times like this with a cord."

## II.

Defendant contends there is insufficient evidence to support two aggravating factors relied upon by the trial judge to impose a sentence in excess of the presumptive term. Defendant argues the evidence does not prove the murder was especially heinous, atrocious, or cruel or that the victim was very old.

## A.

[1] In *State v. Blackwelder*, 309 N.C. 410, 306 S.E. 2d 783 (1983), we set forth a standard for determining whether a murder is especially heinous, atrocious or cruel:

> [T]he focus should be on whether the facts of the case disclose *excessive* brutality or physical pain, psychological suffering, or dehumanizing aspects *not normally present in that offense.*

*Id.* at 414, 306 S.E. 2d at 786 (emphasis in the original). Whether death resulted from multiple acts of violence and was immediate are factors properly considered under that standard.

We think the facts of this case demonstrate the murder was especially heinous, atrocious or cruel under the *Blackwelder* standard. Defendant murdered Stewart by choking him once and then strangling him five times with a cord. Defendant confessed to Watson that he first slapped and choked Stewart with his hands and then left him on the couch gasping for breath. Later he returned with an extension cord and finished the deed. Defendant strangled Stewart five times with the cord before finally choking

State v. Hines

off his air supply. Choking a victim on two different occasions and five times on the second occasion is excessive brutality not necessary even to the offense of murder by strangulation.

Although we do not decide whether strangulation is in itself more heinous, atrocious or cruel than other murders, the grisly facts of this case disclose excess brutality, pain and suffering not normally present in murders of this type. The trial judge, therefore, did not err in characterizing this defendant's crime as especially heinous, atrocious or cruel.

B.

[2] Defendant also contends the evidence does not prove as an aggravating factor that the victim was "very old." He argues that the sole evidence upon which the prosecutor asked for and the trial judge found the victim's age to be an aggravating factor was a statement by the prosecutor that Paul Stewart was sixty-two years old. Defendant asserts the trial judge should not have applied mechanically a chronological measure in deciding if age was an aggravating factor. Rather, the judge should have determined if the victim by reason of his years was more vulnerable to the assault committed against him than he otherwise would have been.

One of the purposes of sentencing is to impose a punishment commensurate with the offender's culpability. N.C. Gen. Stat. § 15A-1340.4(a) (1983). Age should not be considered as an aggravating factor in sentencing unless it makes the defendant more blameworthy than he or she already is as a result of committing a violent crime against another person. A victim's age does not make a defendant more blameworthy unless the victim's age causes the victim to be more vulnerable than he or she otherwise would be to the crime committed against him or her, as where age impedes a victim from fleeing, fending off attack, recovering from its effects, or otherwise avoiding being victimized. Unless age has such an effect, it is not an aggravating factor under the Fair Sentencing Act. *See State v. Rivers*, 64 N.C. App. 554, 307 S.E. 2d 588 (1983); *State v. Monk*, 63 N.C. App. 512, 305 S.E. 2d 755 (1983); *State v. Mitchell*, 62 N.C. App. 21, 302 S.E. 2d 265 (1983); *State v. Gaynor*, 61 N.C. App. 128, 300 S.E. 2d 260 (1983).

As this Court observed in *State v. Ahearn*, 307 N.C. 584, 603, 300 S.E. 2d 689, 701 (1983) (emphasis in original), *"vulnerability* is clearly the concern addressed by this factor [of the victim's age]." *Ahearn* was a felonious child abuse case in which we sustained a finding as an aggravating factor that a 24-month-old victim was very young. Without the need for any special showing by the prosecution that the victim was vulnerable, the victim's vulnerability was established simply by the victim's especially tender age and the nature of the crime. A 24-month-old child obviously was more vulnerable to child abuse than an older child would have been. In cases like *Ahearn* involving victims near the beginning or end of the age spectrum, the prosecution may establish vulnerability merely by relating the victim's age and the crime committed.

In this case the prosecution asked the sentencing judge to find as an aggravating factor, based on Paul Stewart's sixty-two-year-old age, that the victim was very old. Stewart's age, by itself, does not demonstrate that he was more vulnerable to the assault at issue in this case than a younger person would have been. Many sixty-two-year-old men lead robust, active lives. Paul Stewart was a brickmason until the five years preceding his death. In those years he maintained a lively business selling drinks. He occasionally went fishing. There was no evidence he was in poor health or disabled. Although Stewart's son testified his father retired from his job when a bone was removed from his wrist following an injury caused by a lead pipe, that disability was not age-related. In short, we do not believe the mere fact that Paul Stewart was sixty-two years old would support finding in this case as an aggravating factor that he was "very old."

Because the sentencing judge improperly relied upon age as an aggravating factor, this case must be remanded to the trial court for a new sentencing hearing. Any error with respect to finding an aggravating factor necessarily is prejudicial because the weight given to each aggravating and mitigating factor is within the discretion of the sentencing judge. Reliance on an aggravating factor determined to be erroneous may have affected the balancing of mitigating and aggravating factors which resulted in a sentence in excess of the presumptive term. *Ahearn*, 307 N.C. at 600, 602, 300 S.E. 2d at 699, 701.

### III.

[3] Defendant also assigns as error the trial court's exclusion of jurors who had scruples against capital punishment from the jury panel. Defendant contends such exclusion deprived him of his Fourteenth Amendment right to due process and his Sixth Amendment right to trial by jury as guaranteed by the United States Constitution. Although acknowledging that this Court considered and rejected this argument in *State v. Avery*, 299 N.C. 126, 261 S.E. 2d 803 (1980), defendant asks us to reconsider our decision there. The Court declines to reconsider that decision at this time.

The case is remanded to the Superior Court, Wake County, for a new sentencing hearing conducted consistent with this opinion.

Remanded for a new sentencing hearing.

Justice BILLINGS did not participate in the consideration or decision of this case.