STATE OF NORTH CAROLINA v. RONALD C. VANSTORY

No. 8618SC609

(Filed 3 March 1987)

1. **Rape and Allied Offenses § 7; Criminal Law § 138.24 — first degree rape — age of victim — no aggravating factor**

   The rape of a victim under thirteen by a defendant at least twelve and at least four years older than the victim makes the defendant more blameworthy because rape victims under thirteen are in fact more vulnerable to the crime of rape than they would otherwise be if older than twelve; however, this does

State v. Vanstory

not allow the age of the victim to be considered in sentencing for first degree rape because (1) age is an element of first degree rape under N.C.G.S. § 14-27.2(a)(1) and as such cannot be considered an aggravating factor upon sentencing for that crime, and (2) first degree rape is a Class B felony which carries a mandatory life sentence without consideration of aggravating and mitigating factors.

**2. Rape and Allied Offenses § 7— second degree rape of 11 year old—age of victim as aggravating factor**

Because age of the victim is not a necessary element of second degree rape, and determination by a preponderance of the evidence in the sentencing phase that the defendant raped a child eleven years old is reasonably related to the purpose of sentencing, the age of a victim under thirteen may be considered as a nonstatutory aggravating factor in sentencing for second degree rape.

**3. Criminal Law §§ 138.35, 138.37— mitigating factors—immaturity—aid in apprehending another felon—reliable supervision—insufficient evidence**

The trial court in a rape case did not err in failing to find as statutory mitigating factors that defendant's immaturity significantly reduced his culpability for the offense, that he aided in the apprehension of another felon, and that he was a minor and had reliable supervision available, since defendant's age of sixteen at the time of the rape, by itself, failed to show that his immaturity significantly reduced his culpability; the evidence indicated that defendant and his brother, the codefendant, talked with a police officer at the same time and both admitted that they had sexual intercourse with the victim at the time of the offense charged, but this failed to show that defendant's testimony was instrumental in apprehending his brother; nor did defendant's evidence show that he had reliable supervision available.

APPEAL by defendant from *Albright, Judge.* Judgment entered 9 January 1986 in Superior Court, GUILFORD County. Heard in the Court of Appeals 9 December 1986.

On 18 November 1985, defendant, then age sixteen, was charged with the first-degree rape of an eleven year old girl in violation of G.S. 14-27.2(a)(2). On 9 January 1986, the defendant, pursuant to a plea arrangement, pled guilty to second-degree rape. The trial court found as a nonstatutory aggravating factor that "[t]he victim was a child 11 years old," to which defendant excepted. The court also found as mitigating factors that defendant had no criminal record and voluntarily acknowledged wrongdoing in connection with the offense at an early stage in the criminal process. Upon finding that the aggravating factor outweighed the mitigating factors, the trial court imposed a sentence in excess of the presumptive.

Defendant assigns as error (1) the court's finding of the above stated nonstatutory aggravating factor; and (2) the court's failure to find as mitigating factors: (a) his immaturity at the time of the offense significantly reduced his culpability, (b) he aided in the apprehension of another felon, namely his eighteen year old brother who was also arrested and charged with first-degree rape of the same victim on the same occasion, and (c) the defendant is a minor and has reliable supervision available.

From the imposition of a fifteen year prison sentence for second-degree rape, defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Doris J. Holton, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., for defendant appellant.*

JOHNSON, Judge.

I

Defendant first assigns as error the trial court's finding as a nonstatutory aggravating factor that "[t]he victim was a child 11 years old." Defendant contends that the age of his victim can enhance his sentence only if her age made her more vulnerable than she otherwise would have been to the crime committed. We disagree.

In *State v. Hines*, 314 N.C. 522, 525, 335 S.E. 2d 6, 8 (1985), the North Carolina Supreme Court said:

Age should not be considered as an aggravating factor in sentencing unless it makes the defendant more blameworthy than he or she already is as a result of committing a violent crime against another person. A victim's age does not make a defendant more blameworthy unless the victim's age causes the victim to be more vulnerable than he or she otherwise would be to the crime committed against him or her, as where age impedes a victim from fleeing, fending off attack, recovering from its effects, or otherwise avoiding being victimized.

From the transcript of the plea proceedings taken at the sentencing hearing in this case, it seems the State argued that the victim's being eleven years old in and of itself made her more

vulnerable than she otherwise would be to the crime committed. The State did not offer evidence tending to show how *this* victim's age — i.e. her being eleven years old — made her more vulnerable to the crime committed than if she was not eleven.

[1] The General Assembly saw fit to punish as first-degree rape any vaginal intercourse with a child under thirteen by someone at least twelve and at least four years older than the victim. G.S. 14-27.2(a)(1). This legislation protects children under thirteen who, because of their age, are deemed incapable of defending themselves from the sexual advances of others at least four years older than the victim. Children under thirteen are usually physically and emotionally less mature than persons several years older than they are. They do not have the physical or mental ability to repel attack by someone at least twelve and at least four years older than themselves. We are mindful that *State v. Hines, supra,* says that the victim's age must cause the victim to be more vulnerable to the crime than he or she otherwise would be in order to make a defendant more blameworthy for purposes of finding age an aggravating factor. Due to the General Assembly giving children under thirteen greater protection from first-degree rape than victims over thirteen, we hold that the rape of a victim under thirteen by a defendant at least twelve and at least four years older than the victim makes the defendant more blameworthy because rape victims under thirteen are in fact more vulnerable to the crime of rape than they would otherwise be if older than twelve. This holding does not, however, allow the age of the victim to be considered in sentencing for first-degree rape because (1) age is an element of first-degree rape under G.S. 14-27.2(a)(1) and as such cannot be considered an aggravating factor upon sentencing for that crime, *see* G.S. 15A-1340.4(a)(1)(p), and (2) first-degree rape is a Class B felony which carries a mandatory life sentence without consideration of aggravating and mitigating factors, *see* G.S. 14-1.1(a)(2).

[2] Because age of the victim is not a necessary element of second-degree rape, and a determination by a preponderance of the evidence in the sentencing phase that the defendant raped a child eleven years old is reasonably related to the purpose of sentencing, *State v. Melton,* 307 N.C. 370, 376, 298 S.E. 2d 673, 678 (1983), we hold that the age of a victim under thirteen may be considered as a nonstatutory aggravating factor in sentencing for

second-degree rape. We find that the trial court properly found the eleven year old victim's age to be a nonstatutory aggravating factor upon sentencing defendant for second-degree rape. Such finding is reasonably related to the purposes of sentencing. *Id.*

## II

**[3]** In his second Assignment of Error, defendant contends the court erred in failing to find as a statutory mitigating factors: (a) his immaturity significantly reduced his culpability for the offense pursuant to G.S. 15A-1340.4(a)(2)(e), (b) he aided in the apprehension of another felon pursuant to G.S. 15A-1340.4(a)(2)(h), and (c) he is a minor and has reliable supervision available pursuant to G.S. 15A-1340.4(a)(2)(n). We disagree.

Defendant has the burden of persuading by a preponderance of the evidence that these mitigating factors exist. *State v. Michael*, 311 N.C. 214, 219, 316 S.E. 2d 276, 279 (1984). That evidence must be uncontradicted, substantial and manifestly credible. *State v. Freeman*, 313 N.C. 539, 551, 330 S.E. 2d 465, 474-75 (1985).

### (a)

Defendant being sixteen at the time of the rape, by itself, fails to show that his immaturity significantly reduced his culpability. Similar evidence was rejected in *State v. Jones*, 72 N.C. App. 610, 615, 325 S.E. 2d 309, 313 (1985), wherein this Court held that such sparse evidence did not address whether defendant understood the nature or severity of the offense he committed. Also, defendant's claimed ignorance of the victim's age is manifestly unbelievable considering his testimony that he had known the victim for over a year before the present crime occurred.

### (b) and (c)

The transcript does not reveal, as defendant asserts, that he made a statement implicating his brother in the commission of a felony. Rather, the evidence indicates that defendant and his codefendant talked with the police officer at the same time and both admitted during that session that they had sexual intercourse with the victim at the time of the offense charged. This fails to show how defendant's testimony was instrumental in ap-

prehending his brother. Nor does defendant's evidence show that he has reliable supervision available.

For the foregoing reasons, we hold that the court did not err in failing to find that the mitigating factors for which defendant contends had been proven by a preponderance of the evidence. This Assignment of Error is overruled.

The judgment appealed from is

Affirmed.

Chief Judge HEDRICK and Judge GREENE concur.