STATE v. FARLOW

[110 N.C. App. 95 (1993)]

STATE OF NORTH CAROLINA v. GARY KENNETH FARLOW, Defendant

No. 9118SC1261

(Filed 4 May 1993)

**Criminal Law § 1098 (NCI4th) — indecent liberties and second degree sexual offense — sentencing — aggravating factors — age of victim**

The trial court erred when sentencing defendant for indecent liberties and second degree sexual offense by considering the age of the victim as an aggravating factor. Evidence of the victim's young age is necessary to establish the offense of taking indecent liberties with children and therefore should not have been used as proof of an aggravating factor. Age is not an element of second degree sexual offense, but N.C.G.S. § 15A-1340.4(a)(1)o prohibits the consideration of any crime that is joinable with the crime for which defendant is currently being sentenced. By considering the victim's age, the judge aggravated defendant's sentence with a joined offense.

**Am Jur 2d, Criminal Law §§ 598, 599.**

Appeal by defendant from judgment entered 29 August 1991 by Judge Peter M. McHugh in Guilford County Superior Court. Heard in the Court of Appeals on 26 February 1993.

Defendant was charged with first degree sexual offense and taking indecent liberties with children. The charges involved two separate children and were consolidated for judgment into two groups, relative to the child involved. Pursuant to a plea arrangement, defendant pleaded guilty to second degree sexual offense on the first degree sexual offense charges and pleaded guilty to all the charges of taking indecent liberties with children. The plea arrangement left determination of sentence to the trial judge. The trial judge found aggravating and mitigating factors and sentenced defendant to two consecutive forty year terms. The sentence exceeds the combined total of the presumptive sentences for these offenses. From this judgment defendant appeals pursuant to N.C. Gen. Stat. § 15A-1444(a1).

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Angelina Maletto, for the State.*

*Neill A. Jennings, Jr. for defendant appellant.*

ARNOLD, Chief Judge.

The indictments in 90 CRS 33403 and 33404 contain one count each of first degree sexual offense and taking indecent liberties with children. The judge found as an aggravating factor on the indecent liberties offenses that the age of the victim in 90 CRS 33403 and 33404 made the victim particularly vulnerable. Defendant argues that the trial judge improperly considered the victim's age because age is an element of the offense. We agree..

Defendant was charged under N.C. Gen. Stat. § 14-202.1 (1986) which states that a person is guilty of taking indecent liberties with children if he "[w]illfully takes or attempts to take any immoral, improper, or indecent liberties with any child . . . under the age of 16 years for the purpose of arousing or gratifying sexual desire," or "[w]illfully commits or attempts to commit any lewd or lascivious act upon . . . any child of either sex under the age of 16 years." The victim in 33403 and 33404 was eleven years old.

N.C. Gen. Stat. § 15A-1340.4(a)(1) provides that "[e]vidence necessary to prove an element of the offense may not be used to prove any factor in aggravation . . . ." Evidence of the victim's young age is necessary to establish the offense of taking indecent liberties with children and therefore should not have been used as proof of an aggravating factor in this case. See State v. Vanstory, 84 N.C. App. 535, 538, 353 S.E.2d 236, 238, disc. review denied, 320 N.C. 176, 358 S.E.2d 67 (1987) (age of the victim cannot be considered in sentencing for first degree rape because age is an element of the crime).

Defendant also argues that the judge erred by using the victim's age to aggravate the sentence for the second degree sexual offenses in 33403 and 33404. Age is not an element of second degree sexual offense, but defendant argues that the victim's age should not have been considered because it is an element of a joined offense. We agree.

N.C. Gen. Stat. § 15A-1340.4(a)(1)o prohibits the consideration of any crime that is joinable with the crime for which defendant is currently being sentenced. When sentencing, the trial judge stated that "the age of the victim . . . made that victim particularly vulnerable [to the sexual offense]." As we held above, young age is a necessary element of taking indecent liberties with children. Therefore, by considering the victim's age, the judge actually ag-

gravated defendant's sentence with a joined offense. Aggravating a sentence with a joined offense is impermissible and is reversible error. *State v. Lattimore*, 310 N.C. 295, 299, 311 S.E.2d 876, 879 (1984); *State v. Jewell*, 104 N.C. App. 350, 358, 409 S.E.2d 757, 762 (1991), *aff'd per curiam*, 331 N.C. 379, 416 S.E.2d 3 (1992).

We find error in the use of these two aggravating factors; therefore, this case is reversed and remanded for a new sentencing hearing. Because we reverse on these grounds, we need not address defendant's remaining assignments of error, all of which relate to sentencing.

Reversed and remanded.

Judges GREENE and McCRODDEN concur.