STATE OF NORTH CAROLINA v. GARY KENNETH FARLOW

No. 246PA93

(Filed 17 June 1994)

1. **Criminal Law § 1098, 1162 (NCI4th)— indecent liberties— minor victim—age of victim as aggravating factor**

The Court of Appeals erred in holding that, because evidence of the victim's age was necessary to establish the offense of taking indecent liberties, such evidence should not have been used as proof of an aggravating factor. Where age is an element of the offense, if the evidence, by its greater weight, shows that the age of the victim caused the victim to be more vulnerable to the crime than he otherwise would have been, the trial court can properly find the statutory aggravating factor based on age. The victim in the present case was eleven years old, so that age alone could not be used to aggravate the sentence for taking indecent liberties with children. However, the trial court did not find the statutory aggravating factor, but the nonstatutory factor that "his actions at the age of the victim in this offense made that victim particularly vulnerable to the offense committed" and added language which made it clear that the basis for the factor was increased vulnerability of the victim arising from defendant's bestowing gifts on him. This factor was supported by the evidence and related to the purposes of sentencing.

**Am Jur 2d, Criminal Law §§ 598, 599.**

2. **Criminal Law §§ 1098, 1162 (NCI4th)— sexual offense—aggravating factor—age of victim—indecent liberties a joined offense**

The Court of Appeals erred in its application of the Fair Sentencing Act by finding that the trial court erred in aggravating a sentence for second-degree sexual offense based on the victim's age (11), which was an element of the joined offense of indecent liberties. Although the trial court may not consider crimes joinable with the contemporaneous conviction in determining the existence of the statutory aggravating factor that a defendant has a prior conviction, the rule barring use of joinable convictions does not apply to use of a fact needed to prove an element of a contemporaneous conviction. The court could aggravate the sentence for second-degree sexual offenses with a finding concerning age, if supported by

the evidence, since age is not an element of second-degree sexual offense.

**Am Jur 2d, Criminal Law §§ 598, 599.**

3. **Criminal Law § 1177 (NCI4th)— indecent liberties and sexual offenses—aggravating factors—position of trust or confidence**

The trial court did not err when sentencing defendant for second-degree sexual offenses and indecent liberties by finding as an aggravating factor that defendant took advantage of a position of trust or confidence to commit these offenses where the victim was nine years old, his father was deceased, his mother was a long-distance truck driver, the grandmother who had cared for him had died shortly before his ninth birthday, defendant befriended the victim and took him on trips and to play miniature golf, and the victim gradually spent more and more time at defendant's home and essentially lived with defendant while his mother was away. N.C.G.S. § 15A-1340.4(a)(1)n.

**Am Jur 2d, Criminal Law §§ 598, 599.**

4. **Criminal Law §§ 1120, 1125 (NCI4th)— indecent liberties—aggravating factors—mental and emotional injury of victim—course of conduct—evidence sufficient**

The trial court did not err when sentencing defendant for indecent liberties by finding the nonstatutory aggravating factors that the victim suffered severe mental and emotional injury in excess of that usually associated with offenses of that nature and that defendant engaged in a course or pattern of conduct extending over a period of many years, including the commission of sexual offenses against very young children.

**Am Jur 2d, Criminal Law §§ 598, 599.**

**Court's right, in imposing sentence, to hear evidence of, or to consider, other offenses committed by defendant. 96 ALR2d 768.**

On writ of certiorari pursuant to N.C.G.S. § 7A-32(b) to review a unanimous decision of the Court of Appeals, 110 N.C. App. 95, 429 S.E.2d 181 (1993), reversing and remanding judgment entered by McHugh, J., on 29 August 1991 in Superior Court, Guilford County. Heard in the Supreme Court 2 February 1994.

STATE v. FARLOW

[336 N.C. 534 (1994)]

*Michael F. Easley, Attorney General, by Ellen B. Scouten, Assistant Attorney General, for the State-appellant.*

*Walter T. Johnson, Jr. for defendant-appellee.*

PARKER, Justice.

Defendant was indicted on two counts of first-degree sexual offense and two counts of taking indecent liberties with an eleven-year-old male victim. Defendant was also indicted on two counts of first-degree sexual offense and four counts of taking indecent liberties with a nine-year-old male victim. Pursuant to a plea arrangement defendant pleaded guilty to two counts each of second-degree sexual offense and taking indecent liberties with the older victim. These offenses were consolidated for judgment. Defendant also pleaded guilty to two counts of second-degree sexual offense and four counts of taking indecent liberties with the younger victim, and these offenses were consolidated for judgment. Upon findings of factors in aggravation and mitigation the trial court imposed consecutive forty-year terms of imprisonment.

On appeal defendant contended that with respect to the offenses of taking indecent liberties against the eleven-year-old victim, the trial court erred in finding as an aggravating factor that the age of the victim made him particularly vulnerable. The Court of Appeals agreed, citing N.C.G.S. § 15A-1340.4(a)(1) and *State v. Vanstory*, 84 N.C. App. 535, 538, 353 S.E.2d 236, 238, *disc. rev. denied*, 320 N.C. 176, 358 S.E.2d 67 (1987). *State v. Farlow*, 110 N.C. App. 95, 96, 429 S.E.2d 181, 182 (1993). Defendant also contended that as to the second-degree sexual offenses committed against the same victim, the trial court erred in aggravating defendant's sentence based on the age of the victim. Again the Court of Appeals agreed, citing section 15A-1340.4(a)(1)o. *Id.* at 96, 429 S.E.2d at 182-83. For these two errors committed in imposing defendant's sentence for the crimes against the older victim, the Court of Appeals remanded for a new sentencing hearing. Before the Court of Appeals, defendant did not argue error in the trial court's finding of age as an aggravating factor in the cases involving the younger victim. The court did not address defendant's other contentions regarding either judgment.

This Court granted State's petition for writ of certiorari to review and clarify language in the Court of Appeals' decision which

suggests that the age of the victim can never be used to aggravate a conviction of taking indecent liberties with children. Specifically, the opinion states: "Evidence of the victim's young age is necessary to establish the offense of taking indecent liberties with children and therefore should not have been used as proof of an aggravating factor in this case." *Farlow*, 110 N.C. App. at 96, 429 S.E.2d at 182. We agree with the State's contention that this language is inconsistent with decisions from this Court interpreting the Fair Sentencing Act, N.C.G.S. §§ 15A-1340.1 to -1340.7.

We note at the outset that Form AOC-CR-303 showing the findings in aggravation and mitigation is not included for either judgment in the record on appeal. The transcript of the sentencing hearing shows that with respect to the consolidated judgment in cases 90CRS33403 and 33404, involving crimes against the older victim, the trial court made separate findings in aggravation and mitigation as to the second-degree sexual offenses and as to the taking of indecent liberties with children offenses. For second-degree sexual offenses in 33403 and 33404, the court found among other factors, the nonstatutory factor that "his actions at the age of the victim in this offense made that victim particularly vulnerable to the offense committed." The court also found the nonstatutory factor that "the defendant did engage in the course of [sic] pattern of criminal conduct extending over a period of many years, involving the commission of sexual offenses against very young children."

With respect to the offenses of taking indecent liberties with children in cases 33403 and 33404 the court said the following: "[T]he court finds aggravating factors pertaining to the age of the victim, making that victim particularly vulnerable and the matter of the course of criminal conduct involving sexual offenses committed over the course of [many] years against very young children pertain."

In the consolidated judgment involving cases 90CRS38965, 38961, 38963, and 38966, involving crimes against the younger victim, the trial court again found the existence of nonstatutory aggravating factors, "specifically, the age of the victim; these actions made the victim particularly vulnerable to the conduct of the defendant." The court also found the same course of conduct nonstatutory aggravating factor found in cases 33403 and 33404, but the court added that the victims were not the ones in any of the cases for which defendant was being sentenced.

[1]   According to the Fair Sentencing Act, "[e]vidence necessary to prove an element of the offense may not be used to prove any factor in aggravation." N.C.G.S. § 15A-1340.4(a) (Supp. 1992). Statutory aggravating factors include that "[t]he victim was very young, or very old, or mentally or physically infirm." *Id.* § 15A-1340.4(a)(1)j.

In *State v. Ahearn*, 307 N.C. 584, 300 S.E.2d 689 (1983), this Court established that even if age of the victim is an element of the offense, the trial court may still find the existence of the statutory aggravating factor if based on age of the particular victim. In *Ahearn*, the crime at issue was felonious child abuse; the applicable statute protected children less than sixteen years of age; and defendant contended the trial court erred by finding in aggravation that the victim was very young or mentally or physically infirm. Discussing the essential element of age and the statutory aggravating factor based on age, the Court said:

> The age of the victim, while an element of the offense, spans sixteen years, from birth to adolescence. The abused child may be vulnerable due to its tender age, and *vulnerability is clearly the concern addressed by this factor* [§ 15A-1340.4(a)(1)j]. [T]hat Daniel Bright was *very young* (24 months) was not an element necessary to prove felonious child abuse, and was therefore properly considered as an aggravating factor.

*Id.* at 603, 300 S.E.2d at 701; *see also State v. Long*, 316 N.C. 60, 65-66, 340 S.E.2d 392, 392 (1986) (reiterating principle that N.C.G.S. § 15A-1340.4(a)(1)j focuses on vulnerability attributable to age and mental or physical infirmity of the victim).

In *State v. Hines*, 314 N.C. 522, 335 S.E.2d 6 (1985), this Court explained proper use of the statutory factor of age in aggravating a sentence for an offense whose essential elements include age:

> Age should not be considered as an aggravating factor in sentencing unless it makes the defendant more blameworthy than he or she already is as a result of committing a violent crime against another person. A victim's age does not make a defendant more blameworthy unless *the victim's age causes the victim to be more vulnerable than he or she otherwise would be to the crime committed against him or her,* as where age impedes a victim from fleeing, fending off attack, recovering

from its effects, or otherwise avoiding being victimized. Unless age has such an effect, it is not an aggravating factor under the Fair Sentencing Act.

*Id.* at 525, 335 S.E.2d at 8 (emphasis added). In a subsequent case the Court noted ways in which a defendant may take advantage of the age of the victim:

First, he may "target" the victim because of the victim's age, knowing that his chances of success are greater where the victim is very young or very old. Or the defendant may take advantage of the victim's age during the actual commission of a crime against the person of the victim, or in the victim's presence, knowing that the victim, by reason of age, is unlikely to effectively intervene or defend himself. In either case, the defendant's culpability is increased.

*State v. Thompson,* 318 N.C. 395, 398, 348 S.E.2d 798, 800 (1986). Nevertheless, this language does not confine aggravation by the statutory factor of age to crimes wherein the victim is targeted because of age. *Id.* at 398, 348 S.E.2d at 801.

Reviewing the trial court's finding that the victim was very young when defendant committed the offense of taking indecent liberties with children, this Court in *State v. Sumpter,* 318 N.C. 102, 347 S.E.2d 396 (1986), stated:

From what we said in *Hines* it is apparent that the determination of vulnerability must be made in light of the crime committed. The offense of indecent liberties with a minor cannot be committed unless the victim is less than sixteen years of age. N.C.G.S. § 14-202.1 (1986). While a thirteen-year-old girl may be more vulnerable than a thirty-year-old woman to sexual assault, we cannot say that the victim's age made her any more vulnerable to the offense of indecent liberties with a minor than other victims of the offense. She was only two years younger than the maximum age used to define the offense. Because she was not for purposes of this offense "very young," defendant must receive a new sentencing hearing on his conviction for taking indecent liberties with a minor.

*Id.* at 112-13, 347 S.E.2d at 402.

From the language in these cases, the general rule emerges that where age is an element of the offense, as with taking indecent

liberties with children, if the evidence, by its greater weight, shows that the age of the victim caused the victim to be more vulnerable to the crime committed against him than he otherwise would have been, the trial court can properly find the statutory aggravating factor based on age. If, however, the evidence shows that the victim was not more vulnerable than any other victim of the same crime would have been, the statutory aggravating factor that the victim was "very young" cannot properly be found. In the offense of taking indecent liberties with children, "children" are those under the age of sixteen years. N.C.G.S. § 14-202.1(a) (1993). Since the victim's being "very young" is not necessary to prove the offense, the offense and statutory aggravating factor are not proved by the same evidence. Moreover, findings in aggravation are not limited to those in N.C.G.S. § 15A-1340.4(a)(1), *State v. Edgerton*, 86 N.C. App. 329, 331, 357 S.E.2d 399, 401 (1987), but the trial court may make such other nonstatutory findings as are supported by the evidence and are reasonably related to the purposes of sentencing. Therefore, we hold the Court of Appeals erred in holding that because evidence of the victim's age was necessary to establish the offense of taking indecent liberties, such evidence should not have been used as proof of an aggravating factor. Further, we expressly disavow dictum to the contrary in *State v. Vanstory*, 84 N.C. App. 535, 538, 353 S.E.2d 236, 238 (1987).

In the present case the victim in cases 33403 and 33404 was eleven years old; and, nothing else appearing as in *Sumpter*, age alone could not be used to aggravate the sentence for the conviction of taking indecent liberties with children. The trial court, however, did not find the statutory aggravating factor but found a nonstatutory aggravating factor, namely, "his actions at the age of the victim in this offense made that victim particularly vulnerable to the offense committed." Moments before finding the factor, the trial court stated: "I continue to come back to the point that I see [defendant] engaged in [a] calculated[,] deliberate predatory scheme to ingratiate himself [with] these children; buy their friendship and respect and love [with] his trinkets and baubles, and then to victimize them." This language, read together with the language of the finding, makes clear that the basis for the factor was increased vulnerability of the victim arising from defendant's bestowing gifts on him. The record shows that the factor was supported by the evidence and related to the purposes of sentencing. For these reasons, we con-

clude the court did not err in aggravating defendant's sentence thereby.

Defendant assigned error to the trial court's finding the same aggravating factor with respect to cases 90CRS38965, 38961, 38963, and 38966 but made no argument based thereon to the Court of Appeals. Accordingly, this assignment of error is deemed abandoned as to those cases. N.C. R. App. P. 28(a).

[2] In the exercise of our supervisory powers, we also address an error of law not raised in the State's petition for writ of certiorari, but addressed by both parties in their briefs to this Court. Defendant contends, and the Court of Appeals agreed, that the trial court erred in aggravating his sentence for second-degree sexual offenses against the older victim based on the victim's age, which was an element of the joined offense of indecent liberties. Again we find that the lower appellate court misapplied the Fair Sentencing Act and cases construing it.

In determining existence of the statutory aggravating factor that a defendant has a prior conviction, the trial court may not consider "any crime that is joinable, under G.S. Chapter 15A, with the crime or crimes for which the defendant is currently being sentenced." N.C.G.S. § 15A-1340.4(a)(1)o. (Supp. 1992). However, the rule barring use of joinable convictions as an aggravating factor does not apply to use of a fact needed to prove an element of a contemporaneous conviction. *State v. Wright*, 319 N.C. 209, 214, 353 S.E.2d 214, 218 (1987); *see also State v. Miller*, 316 N.C. 273, 284, 341 S.E.2d 531, 538 (1986) ("[W]hen cases are consolidated for *judgment*, and the judge makes findings of aggravating and mitigating factors for the most serious offense for which defendant is being sentenced, the judge's failure to make findings of such factors for the lesser offenses consolidated will not constitute reversible error.").

Applying these principles, the court could aggravate the sentence for the second-degree sexual offenses with a finding concerning age, if supported by the evidence, since age is not an element of second-degree sexual offense. Moreover, if the trial court properly found the statutory aggravating age factor, the court could apply the factor to aggravate both defendant's sentence for indecent liberties and his sentence for second-degree sexual offense.

**STATE v. FARLOW**

[336 N.C. 534 (1994)]

[3] Finally, in the exercise of our supervisory powers and in the interest of judicial economy, we address defendant's arguments not addressed by the Court of Appeals. Defendant contended that the trial court erred in the consolidated judgment for cases 90CRS38965, 38961, 38963, and 38966 by finding the statutory aggravating factor that "defendant took advantage of a position of trust or confidence to commit" these offenses. N.C.G.S. § 15A-1340.4(a)(1)n (Supp. 1992). We have carefully reviewed the record and find ample evidence to support this finding. The existence of this aggravating factor is premised on a relationship of trust between defendant and the victim which causes the victim to rely upon defendant. *State v. Daniel*, 319 N.C. 308, 354 S.E.2d 216 (1987). Evidence in the record discloses that the victim was nine years old. His father was deceased, and his mother was a long-distance truck driver. The victim's grandfather, who had cared for the victim, died not long before the victim's ninth birthday. Defendant befriended the victim and took him on trips and to play miniature golf. Gradually, the victim spent more and more time at defendant's home and essentially lived with defendant while the victim's mother was away. Under these circumstances, defendant could clearly be said to have taken advantage of a position of trust or confidence to commit the offense. This assignment of error is without merit and is overruled.

[4] Defendant further contended that the trial court erred in cases 33403 and 33404 by finding the nonstatutory aggravating factors that the victim "suffered severe mental and emotional injury which is in excess of that usually associated with offenses of the nature [of those] adjudicat[ed] in 33403 and 33404" and "that the defendant did engage in the course [or] pattern of criminal conduct extending over a period of many years, involving the commission of sexual offenses against very young children." Again, our review of the transcript reveals ample evidence to support each of these aggravating factors. These assignments of error are without merit and are overruled.

The decision of the Court of Appeals is reversed and the cases remanded to that court for remand to Superior Court, Guilford County, for reinstatement of the judgment in cases 33403 and 33404.

NOS. 90CRS38965, 38961, 38963, AND 38966: JUDGMENT OF THE TRIAL COURT AFFIRMED.

NOS. 90CRS33403 AND 33404: REVERSED AND REMANDED.