IN THE SUPREME COURT OF NORTH CAROLINA

No. 397A18

Filed 27 September 2019

STATE OF NORTH CAROLINA

v.

BOBBY DEWAYNE HELMS

Appeal pursuant to N.C.G.S. § 7A-30(2) from the unpublished decision of a divided panel of the Court of Appeals, No. COA18-12, 2018 WL 4701732 (N.C. Ct. App. Oct. 2, 2018), finding no error in judgments entered on 4 May 2017 by Judge Christopher W. Bragg in Superior Court, Union County. Heard in the Supreme Court on 28 August 2019.

*Joshua H. Stein, Attorney General, by Alexandra Gruber, Assistant Attorney General, for the State.*

*Ann B. Petersen for defendant-appellant.*

HUDSON, Justice.

The case comes to us based on a dissenting opinion in the Court of Appeals. The issue before the Court is whether the Court of Appeals majority erred when it determined that the State presented sufficient evidence of the N.C.G.S. § 15A-1340.16(d)(15) aggravating factor—that defendant "took advantage of a position of trust or confidence, including a domestic relationship, to commit the offense[s]"—to submit that aggravating factor to the jury. Because we conclude there was not

sufficient evidence to submit the aggravating factor to the jury, we reverse the decision of the Court of Appeals and remand this matter for a new sentencing hearing without the consideration of the section 15A-1340.16(d)(15) aggravating factor.

Factual and Procedural Background

On 6 July 2015, Defendant was indicted for two counts of engaging in a sex offense with a child under the age of thirteen years, in violation of section 14-27.4(a)(1) of the General Statutes. Those indictments were later joined for trial with two additional indictments for taking indecent liberties with a child.

The victim, L.F.,[1] was born on 23 April 2011. Her mother, B.F., went on her first date with defendant in 2012. Over the course of B.F.'s relationship with defendant, L.F. had very little contact with defendant and was in his presence only twice: once on B.F.'s first date with defendant, and once on the occasion of the offense.

B.F. brought L.F., who was an infant at the time, along on her first date with defendant. At the end of the date, B.F. performed oral sex on defendant in the car while L.F. was asleep in a rear-facing car seat in the backseat.

The only other time L.F. and defendant were together was on the occasion of the offense. One night in the fall of 2014, B.F. brought three-year-old L.F. to defendant's parents' house. Defendant's parents had a treehouse with a bed and a

---

[1] Initials are used throughout this opinion to protect the identity of the juvenile.

television inside. B.F., L.F., and defendant sat on the bed in the treehouse and watched a children's television show. Defendant texted B.F. and told her to take off L.F.'s clothes and her own, and she complied. Defendant then removed all of his own clothes, except his boxers. Defendant asked B.F. to touch L.F.'s clitoris, which she did. Defendant watched and began masturbating. At defendant's request, B.F. moved L.F. closer to him. Defendant placed his hand on L.F.'s head to guide her mouth onto his penis. When L.F. expressed that she wanted to leave, defendant took her and B.F. home.

In January 2015, L.F. told her stepmother about what happened in the treehouse. Her stepmother contacted law enforcement and social services.

At trial, the jury found defendant guilty of all four charges and found that the State had proven two aggravating factors: (1) that defendant took advantage of a position of trust or confidence, including a domestic relationship, to commit the offense, and (2) that the victim was very young. The trial court arrested judgment on the two convictions of taking indecent liberties with a child.

At the sentencing hearing, the trial court found four mitigating factors, but determined that the aggravating factors outweighed the mitigating factors, and gave defendant an aggravated sentence. The trial court sentenced defendant to 300 to 420 months imprisonment for each charge, to run consecutively, for a total term of 600 to 840 months.

Defendant appealed to the Court of Appeals arguing there was insufficient evidence to support the submission of the second aggravating factor—that defendant "took advantage of a position of trust or confidence, including a domestic relationship, to commit the offense[s,]"—to the jury. § 15A-1340.16(d)(15). In an unpublished opinion, *State v. Helms*, No. COA18-12, 2018 WL 4701732 (N.C. Ct. App. Oct. 2, 2018), the Court of Appeals determined that evidence did support the aggravating factor, in that defendant used his relationship with B.F. to create a relationship with L.F. and to bring L.F. to his parents' home in order to commit the offense. The Court of Appeals therefore determined that there was "a permissible inference that because of L.F.'s extreme reliance on her mother, L.F. would trust and rely on her mother's boyfriend of more than two years, even though L.F. only interacted with defendant in person on two occasions." *Id.*, slip op. at 7–8, 2018 WL 4701732, at *3. As a result, the Court of Appeals concluded that the trial court did not err when it submitted the trust or confidence aggravating factor to the jury. *Id.*, slip op. at 9, 2018 WL 4701732, at *4.

Writing separately, the dissenting judge disagreed with the majority that there was sufficient evidence to submit the aggravating factor to the jury. *Helms*, slip op. at 1, 2018 WL 4701732, at *5 (Hunter, J., dissenting). He would have held that, although the State showed evidence of a relationship of trust or confidence between L.F. and B.F., it failed to present evidence of a relationship of trust or confidence between L.F. and defendant, and that imputing the closeness of defendant's relationship with B.F. to defendant's relationship with L.F. was "tenuous[.]" *Id.*, slip

op. at 1, 2018 WL 4701732, at *4 (Hunter, J., dissenting).

Defendant filed his appeal of right based on the dissenting opinion.

Analysis

"The State bears the burden of proving beyond a reasonable doubt that an aggravating factor exists . . . ." N.C.G.S. § 15A-1340.16(a). A court may impose an aggravated sentence during the sentencing phase of a trial if a jury finds that a "defendant took advantage of a position of trust or confidence, including a domestic relationship, to commit the offense." § 15A-1340.16(d)(15). A finding of this aggravating factor depends on "the existence of a relationship between the defendant and victim generally conducive to reliance of one upon the other." *State v. Daniel,* 319 N.C. 308, 311, 354 S.E.2d 216, 218 (1987).

We have upheld a finding of the "trust or confidence" factor in very limited factual circumstances. *See State v. Mann*, 355 N.C. 294, 319, 560 S.E.2d 776, 791 (2002) (citations omitted). Specifically, we have upheld this aggravating factor where the relationship has been between the defendant and the victim. *See, e.g.*, *State v. Farlow*, 336 N.C. 534, 542, 444 S.E.2d 913, 918 (1994) ("The existence of this aggravating factor is premised on a relationship of trust between defendant and the victim which causes the victim to rely upon defendant."); The Court of Appeals has also applied this interpretation of the statute. *See, e.g.*, *State v. Stanley*, 74 N.C. App. 178, 327 S.E.2d 902 (factor properly found where *victim* trusted and obeyed *defendant*

as an authority figure), *disc. rev. denied*, 314 N.C. 546, 335 S.E.2d 318 (1985); *State v. Baucom*, 66 N.C. App. 298, 311 S.E.2d 73 (1984) (factor properly found where *victim* was ten-year-old brother of *defendant*); *State v. Potts*, 65 N.C. App. 101, 308 S.E.2d 754 (1983) (factor properly found where *victim* thought of *defendant* as a brother), *disc. rev. denied*, 311 N.C. 406, 319 S.E.2d 278 (1984).

Here, we conclude that the State's evidence at trial was insufficient to establish the trust or confidence aggravating factor because it failed to show that the relationship between L.F. and defendant was conducive to her reliance on him. Rather, the State's evidence showed only that L.F. trusted defendant in the same way she might trust any adult acquaintance, a fact which our courts have found to be insufficient to support this aggravating factor. *See State v. Blakeman*, 202 N.C. App. 259, 271, 688 S.E.2d 525, 532 (2010) (finding evidence that the victim trusted the defendant in the same way she would trust any adult parent of a friend insufficient to support the aggravating factor).

L.F. was never in defendant's care, nor did she ever spend the night in the same location as defendant. Indeed, she was not alone with him even when the offense occurred. Her only contact with defendant was as an infant on her mother's first date with defendant and as a three-year-old accompanying her mother to defendant's parents' house on the occasion of the offense. The State's evidence showed nothing more that could lead to the inference that L.F. had a relationship with defendant in which she trusted or relied on him at all.

The State contends that it is not the relationship between defendant and L.F. that is relevant here; rather, it is L.F.'s relationship with B.F. Employing an "acting in concert" theory, the State argues that defendant took advantage of L.F.'s relationship of trust or confidence with her mother to carry out the offense. The State suggests the jury relied on this theory because counsel for both defendant and the State focused on defendant's relationship with B.F. in closing arguments. However, defense counsel did not specifically argue the "acting in concert" theory before closing, and the jury was not instructed on the theory. Due process requires the sufficiency of the evidence be reviewed with respect to the theory upon which the jury was instructed. *State v. Wilson*, 345 N.C. 119, 123, 478 S.E.2d 507, 510 (1996) (citing *Presnell v. Georgia,* 439 U.S. 14, 16 (1978)). We decline now to justify the jury's decision based on a theory that was never presented to it.

Without the "acting in concert" theory, the evidence here falls short of showing a relationship between defendant and L.F. whereby he took advantage of a relationship of trust or confidence to carry out the offense. Therefore, we reverse the decision of the Court of Appeals and remand to that court for further remand to the trial court to resentence defendant without consideration of the section 15A-1340.16(d)(15) aggravating factor.

REVERSED AND REMANDED.

Justice NEWBY dissenting.

The issue in this case is whether there was sufficient evidence to ask the jury to decide whether defendant abused a position of trust or confidence to commit the sexual assault. To resolve that issue, we must first answer a question of pure statutory interpretation: does the trust or confidence provision require that defendant unilaterally built a relationship with the victim toddler? It does not; I respectfully dissent.

Under section 15A-1340.16(d)(15), a jury may find that a defendant committed an aggravated offense if to commit the offense "[t]he defendant took advantage of a position of trust or confidence, including a domestic relationship." N.C.G.S. § 15A-1340.16(d)(15) (2017). The majority rewrites the statute to also require that the relationship of trust or confidence specifically exist between the defendant and the victim. The General Assembly could have easily placed that requirement in the statute if that is what it intended, but it did not. The statute should be read as written. The express language requires only that a relationship of trust or confidence existed and that the defendant took advantage of it to commit the underlying crime. It does not say anything about necessary parties to the relationship.

Here the child victim had a relationship of trust and confidence with her mother. Defendant also had a relationship of trust or confidence with the victim's mother: for a couple years they spoke often through Facebook Messenger, made plans

for the future, and even called each other "husband" and "wife."

Defendant actively leveraged both relationships to sexually assault the child. Over the span of the relationship, defendant cultivated the child's mother so she would comply with his wishes. He took advantage of her diminished mental capacity, breaching barriers a mother might otherwise put up to protect her child. Defendant encouraged the mother to sexually stimulate the child. Several times he spoke to the mother of his plans to commit sexual acts with their future offspring, and he asked for photos of the child. In time, he used the mother's trust to bring both mother and child to his parents' private treehouse where he completed his plan.

If not for the relationships of trust or confidence, the mother would not have allowed defendant access to her child. If not for the relationships, the mother and child would never have gone to the treehouse with defendant. And if not for the relationships, defendant would not have secured the mother's assistance to commit the sexual assault for which he was convicted.

The trial court's instruction to the jury was also proper. It was quite literally "by the book." The court asked the jury to answer "yes" or "no" to the following question: "Do you find the evidence beyond a reasonable doubt [that] . . . [t]he defendant took advantage of a position of trust or confidence, including a domestic relationship, to commit the offense[?]" This question exactly matches the statutory provision for this aggravating factor, as well as the model jury instruction. *See* N.C.P.I. Crim. 204.25(18) (June 2018). Not surprisingly, defendant did not contest

-2-

this instruction.

The jury was able to simply answer "yes." It did not read in extra requirements for the aggravating factor like the majority does. A relationship of trust or confidence existed. But for that relationship, the sexual assault would not have happened. And defendant actively manipulated that relationship for that very purpose.

The majority quotes our decision in *State v. Daniel*, 319 N.C. 308, 354 S.E.2d 216 (1987), to support its holding that there can be no relationship of trust or confidence unless the victim and the defendant have interacted substantially before the offense. In that case, we said that finding this aggravating factor "depends . . . upon the existence of a relationship between the defendant and victim generally conducive to reliance of one upon the other." *Id.* at 311, 354 S.E.2d at 218. For the majority, no such relationship was formed because the record shows only two occasions when the victim and defendant interacted.

The majority misapplies *Daniel*. The quote relied on by the majority only served to distinguish between this aggravating factor and another, the victim's youth. That same paragraph explains this purpose. The defendant in that case argued that the youth factor and the relationship of trust or confidence factor could not both be applied because they were based on the same evidence. In response, we explained:

> . . . the aggravating factor that the defendant took advantage of a position of trust or confidence was grounded not in the youth of her child but more fundamentally in the child's dependence upon her. A finding of this aggravating factor depends no more on the youth of the victim than it does on the notion that confidence or trust in the defendant must repose consciously in the victim. Such a finding depends instead on the

existence of a relationship between defendant and victim generally conducive to reliance of one upon the other.

*Id.* So, the quote on which the majority builds its opinion does not give a complete picture of this aggravating factor. It is merely an explanation of why that factor, under the facts in that case, did not rest on the exact same evidence as the "victim's youth" factor. *Daniel* dealt with the relationship of a defendant mother and victim child, obviously one of trust or confidence. The issue was not whether there was evidence of such a relationship, but only whether that factor was truly different than the youth factor. *Daniel* simply does not speak to situations like this one, where the question is whether a relationship of trust or confidence existed between the *right* parties.

The majority cites one other case from this Court to bolster its new requirement that the relationship of trust or confidence exist between the defendant and the victim, but that case also fails to support its holding. In *State v. Farlow*, 336 N.C. 534, 542, 444 S.E.2d 913, 918 (1994), we cited *Daniel* saying "[t]he existence of this aggravating factor is premised on a relationship of trust between defendant and the victim which causes the victim to rely upon the defendant." But again, the majority ignores the specific facts of the case. In *Farlow*, there was no other significant relationship besides the one between the defendant and the victim. The victim's father was deceased, his mother was away, and his caretaker grandfather was deceased. *Id.* The defendant built a relationship with the victim solely and directly because it could not have been any other way. This Court has not addressed

a case with facts like this one, where the relationship of trust or confidence that brought about the sexual assault was not between the defendant and the victim directly.

The majority also argues this aggravating factor could be attributed to defendant only under an "acting in concert" theory, and so must have been instructed to the jury under that theory. That is incorrect. "Acting in concert" is not an abstract legal theory, but a common sense principle that places responsibility on defendants who would not otherwise directly satisfy the statutory provision, when they scheme with someone who does. It supplements aggravating factors that by their terms could only be completed directly and individually.

But an "acting in concert" theory need not be explicitly instructed when the statute providing the aggravating factor is broad enough to apply without it. *State v. Benbow*, 309 N.C. 538, 308 S.E.2d 647 (1983), provides an example. There the defendant committed second-degree murder and armed robbery. His sentence was aggravated because, among other things, the death of the robbery victim was "especially heinous, atrocious, or cruel." *See* N.C.G.S. § 15A-1340.16(d)(7) (2017) (allowing for an aggravated sentence when "[t]he offense was especially heinous, atrocious, or cruel"). The Court upheld the finding of that factor, even though the defendant himself did not directly participate in killing the victim, but instead was a lookout. *Benbow*, 309 N.C. at 544–46, 308 S.E.2d at 651–52. The Court did not discuss an acting in concert theory at all. Only two questions applied: (1) did the defendant

commit the underlying offense? and (2) was the offense especially heinous, atrocious, or cruel? The answer to both was yes, so no "acting in concert" theory was necessary. *See generally id.* at 544–45, 308 S.E.2d at 651.

Because section 15A-1340.16(d)(15) does not by its terms require a specific type of relationship between the child victim and defendant, only two questions apply: (1) did defendant commit the underlying offense? and (2) did he take advantage of a relationship of trust or confidence to do so? The answer to both is yes.

I respectfully dissent.