STATE OF NORTH CAROLINA v. WAYNE DWIGHT PETERSON

No. COA02-107

(Filed 3 December 2002)

**Sentencing— basis—insistence on jury trial**
     A statutory rape and indecent liberties defendant received a new sentencing hearing where there was a reasonable inference that defendant's sentences were based in part on his insistence on a jury trial.

Appeal by defendant from judgments dated 27 April 2001 by Judge Paul L. Jones in Wayne County Superior Court. Heard in the Court of Appeals 15 October 2002.

*Attorney General Roy Cooper, by Assistant Attorney General Diane G. Miller, for the State.*

*Mary March Exum for defendant appellant.*

GREENE, Judge.

Wayne Dwight Peterson (Defendant) appeals from convictions and sentences imposed consistent with guilty verdicts following a jury trial. Defendant was convicted of three counts of statutory rape, five counts of taking indecent liberties with a minor, and two counts of participating in the prostitution of a minor and was also found to be a habitual felon. As a result of these convictions Defendant was sentenced to an active term of two life sentences, plus an additional 1,594 to 1,986 months, with all sentences running consecutively.

The evidence presented at trial tends to show Defendant picked up Roberta DaVila, her daughter, and two other girls aged fourteen and fifteen and drove them to a park. While driving to the park Defendant asked the girls if they wanted jobs and gave them details on pay and promised to supply them with clothes. At the park, Defendant, with the assistance of Roberta DaVila, had sexual intercourse with the fourteen and fifteen-year-old girls. Defendant subsequently invited the fourteen-year-old girl to his residence where he had sexual intercourse with her a second time, which formed the basis of the third count of statutory rape. Testimony from a third girl, aged sixteen, revealed Defendant invited girls to his apartment where they were taught to do modeling poses wearing only a shirt. While at the apartment, the girls were asked to have sexual intercourse with Defendant because Defendant's "boss needed to know if [the girls] were ready" and by telling Defendant they would have sexual intercourse with him they would "prove themselves ready."

At the sentencing hearing, the State tendered as an aggravating factor on two of the counts of statutory rape that Defendant joined with more than one other in committing the offenses and was not charged with conspiracy. As the only basis for this factor, the State argued Defendant had joined with Roberta DaVila in committing statutory rape. Defendant submitted as a mitigating factor that he had been honorably discharged from the United States Marine Corps. Neither party attempted to contradict the factors submitted. The trial court then addressed Defendant directly, stating Defendant had shown himself to be a "master manipulator and con artist" and Defendant "attempted to be a con artist with the jury." Further, the trial court stated Defendant had "rolled the dice in a high stakes game with the jury, and it's very apparent that [Defendant] lost that gamble." The court further stated the evidence against Defendant "was overwhelming and such that any rational person would never have

rolled the dice and asked for a jury trial." The trial court concluded: "normally I will say that there's a special place in hell reserved for villains like you. Meanwhile, it's my intent that you will never walk in this society again as a free man because your crimes were deplorable and you're going to get that type of sentence."

At Defendant's sentencing, the trial court found as an aggravating factor that Defendant joined with more than one other in committing the offenses and was not charged with conspiracy. As a mitigating factor, the trial court found Defendant had been honorably discharged from the Marine Corps. The trial court applied the factors to two of the counts of statutory rape, three counts of taking indecent liberties with a minor, and both counts of participating in the prostitution of a minor. Defendant was sentenced to a mitigated sentence of 107 to 138 months on each of the remaining two counts of taking indecent liberties with a minor based on Defendant's honorable discharge. On the third count of statutory rape, Defendant was sentenced to 480 to 585 months, the maximum sentence within the presumptive range at Defendant's prior conviction level. On all counts except for the three statutory rape convictions, Defendant was sentenced as a habitual felon. On the counts where the aggravating and mitigating factors applied, the trial court found the aggravating factor outweighed the mitigating factor.

---

The dispositive issue is whether it can reasonably be inferred Defendant's sentence was based, even in part, on Defendant's insistence on a jury trial.[1]

A sentence within statutory limits is "presumed to be regular." *State v. Boone,* 293 N.C. 702, 712, 239 S.E.2d 459, 465 (1977). Where the record, however, reveals the trial court considered an improper matter in determining the severity of the sentence, the presumption of regularity is overcome. *Id.* It is improper for the trial court, in sentencing a defendant, to consider the defendant's decision to insist on a jury trial. *State v. Cannon,* 326 N.C. 37, 39, 387 S.E.2d 450, 451 (1990). Where it can be reasonably inferred the sentence imposed on a defendant was based, even in part, on the defendant's insistence on a jury trial, the defendant is entitled to a new sentencing hearing. *Id.*

---

1. Defendant asserts other assignments of error in his brief to this Court in support of his argument that he is entitled to a new trial. We reject those arguments as either not properly preserved for appellate review or on the grounds there has been no showing of prejudice.

In this case, Defendant was sentenced to the maximum sentence within the presumptive statutory range for the third count of statutory rape, within the mitigated statutory range for a habitual felon on two of the indecent liberties counts, and in the aggravated statutory range for the remainder of his offenses.[2] At sentencing, the trial court stated Defendant "tried to be a con artist with the jury," and he "rolled the dice in a high stakes game with the jury, and it's very apparent that [he] lost that gamble." Further, the court stated the evidence of guilt was "such that any rational person would never have rolled the dice and asked for a jury trial with such overwhelming evidence." Thus, the record reveals the trial court, while sentencing Defendant, improperly considered Defendant's decision to exercise his right to a jury trial. From the trial court's statements, it can reasonably be inferred the trial court based the sentences imposed on Defendant, at least in part, on Defendant's insistence on a jury trial.[3] Accordingly, Defendant is entitled to a new sentencing hearing on all the convictions.

Trial: No error.

Sentencing: Vacated and remanded for a new sentencing hearing.

Judges MARTIN and BRYANT concur.

---

2. The State concedes that the aggravating factor found by the trial court was error, as there was no evidence to indicate Defendant joined with more than one other person in the commission of his offenses. *See State v. Noffsinger*, 137 N.C. App. 418, 428, 528 S.E.2d 605, 612 (2000). Accordingly, this constitutes an alternative basis for remanding the cases in which this aggravating factor was applied for a new sentencing hearing.

3. There is nothing in the record showing Defendant rejected a plea offer from the State. The record, however, does show Defendant pleaded not guilty and insisted on a jury trial.