STATE OF NORTH CAROLINA
v.
TELLY DONNELL SLEDGE.
No. COA07-189
Court of Appeals of North Carolina.
Filed October 2, 2007
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Mary S. Mercer, for the State.
Robert J. McAfee, for defendant-appellant.
CALABRIA, Judge.
Telly Donnell Sledge ("defendant") appeals from his judgment entered upon a jury verdict finding him guilty of assault on a government official. We find no error.
At trial, the State introduced evidence tending to show the following: on 17 June 2006, defendant was serving a sentence for second-degree murder at Maury Correctional Institution in Maury, North Carolina. At approximately 6:00 a.m. that morning, Correctional Officer Richard L. Blow, Jr. ("Officer Blow") was on duty in a control booth in the same unit where defendant was incarcerated. As defendant and other inmates walked past the control booth on their way to breakfast, Officer Blow observed that defendant's t-shirt was not tucked in his pants as required by prison regulations. From the control booth, Officer Blow ordered defendant to tuck in his shirt. When defendant ignored the order, Officer Blow repeated his order. Defendant continued to disobey the order as he descended a flight of stairs but was ordered by another officer to return to Officer Blow. Officer Blow exited the control booth and confronted defendant. Next, Officer Blow and defendant had a disagreement regarding whether or not defendant properly tucked in his shirt. According to Officer Blow, defendant partially tucked in his shirt in the front, but not the sides and back of the shirt.
When Officer Blow determined that defendant refused to follow his orders, he instructed defendant to place his hands out to be handcuffed. When Officer Blow attempted to handcuff defendant, defendant jerked his arms away and turned his body and arms in such a way that Officer Blow feared that defendant was going to hit him. In a defensive action, Officer Blow grabbed defendant in a bear hug and a struggle followed. Defendant used abusive language and continued to struggle despite Officer Blow's order to stop resisting.
Officer Blow then issued an alarm requiring all officers to respond. Officer Latosha Stewart ("Officer Stewart") responded to Officer Blow's alarm and attempted to grab defendant's legs while ordering defendant to stop resisting. As defendant continued to struggle, he kicked Officer Stewart. Officer Stewart was also struck in the leg by the handcuffs when they were knocked out of Officer Blow's hands during the struggle. Due to defendant's continued resistance, Officer Stewart sprayed him with pepper spray. Defendant was then subdued and handcuffed by the correctional officers.
On 21 July 2006, defendant was charged with two counts of assault on a government official since there were two officers, Officer Blow and Officer Stewart. On 5 September 2006, a jury trial was conducted on these charges. Following jury selection and opening statements, but before evidence was presented, the State noted on the record that it had offered a plea arrangement to defendant whereby defendant would plead guilty to one count of assault on Officer Stewart and the trial court would sentence defendant to a term to run concurrent to his current sentence in another matter. Defendant rejected the State's plea offer and the trial proceeded.
The jury returned a verdict finding defendant guilty of the charge related to Officer Stewart. However, the jury failed to reach a verdict on the charge related to Officer Blow, and the trial court declared a mistrial as to that charge. The trial court sentenced defendant to 150 days in the North Carolina Department of Correction to run consecutive to his other sentence he was serving.
In his first assignment of error, defendant contends that the trial court erroneously denied his motion to dismiss the assault charge because there was insufficient evidence to prove that he intentionally kicked Officer Stewart. When reviewing a trial court's denial of a motion to dismiss due to insufficient evidence, we view "the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences." State v. Morgan, 359 N.C. 131, 161, 604 S.E.2d 886, 904 (2004), cert. denied, 546 U.S. 830, 163 L. Ed. 2d 79 (2005). If we find that "substantial evidence exists to support each essential element of the crime charged and that defendant was the perpetrator, it is proper for the trial court to [have denied] the motion." Id. Contradictions and discrepancies in the evidence are to be disregarded and left for resolution by a jury. State v. Powell, 299 N.C. 95, 99, 261 S.E.2d 114, 117 (1980).
Assault has been defined by our Supreme Court as
an overt act or attempt, or the unequivocal appearance of an attempt, with force and violence, to do some immediate physical injury to the person of another, which show of force or menace of violence must be sufficient to put a [person] of reasonable firmness in fear of immediate bodily harm.
State v. Roberts, 270 N.C. 655, 658, 155 S.E.2d 303, 305 (1967) (citations and quotation omitted). The intent element of the crime of assault "may be implied from culpable or criminal negligence ... if the injury or apprehension thereof is the direct result of intentional acts done under circumstances showing a reckless disregard for the safety of others and a willingness to inflict injury." State v. Coffey, 43 N.C. App. 541, 543, 259 S.E.2d 356, 357 (1979) (citations omitted).
The State's evidence showed that defendant unlawfully and repeatedly refused to comply with the orders of the correctional officers and that while defendant struggled to resist being hand cuffed and subdued he kicked Officer Stewart causing the handcuffs to strike her. Based upon this evidence, a jury could reasonably find that defendant acted intentionally in kicking Officer Stewart and that defendant committed the offense of assault. Accordingly, this assignment of error is overruled.
Defendant's remaining assignment of error is that the trial court abused its discretion in ordering that his sentence run consecutively to the sentences he is currently serving. We have held that "[w]here it can be reasonably inferred the sentence imposed on a defendant was based, even in part, on the defendant's insistence on a jury trial, the defendant is entitled to a new sentencing hearing." State v. Peterson, 154 N.C. App. 515, 517, 571 S.E.2d 883, 885 (2002).
Here, defendant asserts that the trial court imposed a consecutive sentence to punish defendant for invoking his right to a jury trial. In support of his argument, defendant cites only to the trial court's knowledge that defendant had rejected a plea offer for a concurrent sentence. Defendant describes no other facts or circumstances, nor does he cite to any evidence in the record or statements in the transcript from which an inference may be drawn that the trial court improperly considered defendant's exercise of his right to a jury trial. Furthermore, our review of the record reveals that the trial court made no comments of any kind regarding defendant's decision to reject the plea offer either at the time the State announced the rejected offer or at the time that the trial court sentenced defendant. Consequently, we conclude that the defendant's assignment of error is wholly without merit and it is overruled.
No error.
Chief Judge MARTIN and Judge JACKSON concur.
Report per Rule 30(e).