STATE OF NORTH CAROLINA
v.
WILLIAM BRADLEY CICCOLELLA, Defendant.
No. COA09-630
Court of Appeals of North Carolina.
Filed December 22, 2009
This case not for publication
Attorney General Roy A. Cooper, III, by Assistant Attorney General Tenisha S. Jacobs, for the State.
Carol Ann Bauer, for defendant-appellant.
STROUD, Judge.
On 27 July 2007, defendant William Bradley Ciccolella ("defendant") was convicted of a single count of assault on a female in district court. The district court sentenced defendant to a suspended sentence of 60 days imprisonment, with 18 months unsupervised probation. Defendant appealed to superior court, and he was tried during the 22 January 2008 Criminal Session of Superior Court, Forsyth County. We find no error.
Evidence from trial establishes the following factual background: The incident leading to defendant's conviction occurred on 24 March 2007 and involved defendant's wife, Elizabeth Ann Rice Ciccolella ("Ms. Ciccolella"). Ms. Ciccolella testified that she and defendant were separated but still legally married. On the morning of the incident, Ms. Ciccolella awoke and began making breakfast for their children. As she was making breakfast, defendant made a cup of coffee for himself with hot water from the faucet and then sat down at the dining room table. Ms. Ciccolella asked the children to help, and defendant began telling her that she was antagonizing the children. Defendant ordered Ms. Ciccolella to admit that she was antagonizing the children. When she would not do so, he started to get up and called her obscenities. He then came around to the corner of the stove, where she was standing. Defendant put his coffee cup on the corner of the stove and looked down at it. Ms. Ciccolella flinched and tried to get away, but could not. She explained what happened next: "[T]he next thing I knew, I had the contents of his warm coffee all over my hair, all over my left side  left side and down my arm, down the front of me, and on the left side of my body." Ms. Ciccolella did not see defendant throw the coffee but testified that no one else was around and no one else in the house drinks coffee.
Ms. Ciccolella called 911 and Deputy J.E. Moore of the Forsyth County Sheriff's Department responded. Deputy Moore testified that he interviewed defendant and Ms. Ciccolella. He learned that they had an argument and that warm coffee had been poured on Ms. Ciccolella. According to Deputy Moore, defendant admitted that he poured the coffee on Ms. Ciccolella.
On 24 January 2008, a jury found defendant guilty of a single count of assault on a female. The trial court imposed a suspended sentence of 45 days imprisonment, with 18 months unsupervised probation. As a condition of probation, defendant was required to serve an active term of three days in the custody of the Forsyth County Sheriff. Defendant gave timely written notice of appeal.
On appeal, defendant raises only one assignment of error. Defendant contends that the trial court erred in telling defendant that if the jury found defendant guilty, the court would likely impose an active sentence. Here, defendant was convicted of a Class A1 misdemeanor and had a prior conviction level of I. Pursuant to N.C. Gen. Stat. § 15A-1340.23(c)(2) (2007), the trial court could have imposed community, intermediate, or active punishment of one to sixty days. Thus, the three-day active sentence as a condition of probation was within the presumptive range for defendant's class of offense and prior conviction level. "A sentence within the statutory limit will be presumed regular and valid. However, such a presumption is not conclusive." State v. Boone, 293 N.C. 702, 712, 239 S.E.2d 459, 465 (1977). Accordingly, defendant must overcome the presumption that his sentence was valid.
The presumption that a sentence is valid is overcome "[i]f the record discloses that the court considered irrelevant and improper matter in determining the severity of the sentence." Id. Additionally, our Supreme Court has held that "[a] judgment will not be disturbed because of sentencing procedures unless there is a showing of abuse of discretion, procedural conduct prejudicial to defendant, circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play." State v. Pope, 257 N.C. 326, 335, 126 S.E.2d 126, 133 (1962).
Our appellate courts have recognized that "[a] defendant has the right to plead not guilty, and `he should not and cannot be punished for exercising that right.'" State v. Gantt, 161 N.C. App. 265, 271, 588 S.E.2d 893, 897 (2003) (quoting State v. Boone, 293 N.C. 702, 712-13, 239 S.E.2d 459, 465 (1977)), disc. review denied, 358 N.C. 157, 593 S.E.2d 83 (2004). A defendant is entitled to a new sentencing hearing "[w]here it can be reasonably inferred the sentence imposed on a defendant was based, even in part, on the defendant's insistence of a jury trial[.]" State v. Peterson, 154 N.C. App. 515, 517, 571 S.E.2d 883, 885 (2002). Defendant claims the trial court gave him a three-day active sentence as a condition of his probation to punish defendant for exercising his right to a jury trial. Defendant claims that the following comment, made by the court prior to trial, is indicative of the court's improper consideration:
If 12 people find that the defendant has assaulted someone, this court will impose some active sentence, subject to hearing arguments. But, . . . this court generally would impose  for stealing and for assaulting human beings, this court almost always imposes some active sentence. So I just make everyone aware of that going in . . . .
Defendant relies on State v. Boone, 293 N.C. 702, 239 S.E.2d 459 (1977) for this contention. In Boone, the trial court indicated that it would impose an active sentence if defendant persisted in pleading not guilty and did not accept a lesser plea bargain offered by the State. Id. at 712, 239 S.E.2d at 465. Our Supreme Court held that the sentence imposed was induced by defendant's exercise of his right to a jury trial and vacated the judgment. Id. at 712-13, 239 S.E.2d at 465.
We find Boone readily distinguishable from the instant case. After reviewing the record, we do not find any error that would overcome the presumption that defendant's sentence was valid. Before the trial court stated that it typically imposes "some active time" for offenses such as stealing and assaulting human beings, subject to hearing arguments, the court explained:
The judgment below  I know nothing about the case. It may be that the defendant  based on the fact that he's competent, the jury will find, well, he  either he feels no danger of being found guilty by unanimous verdict of 12 people.
On the other hand, I'll say this. I note the defendant received one day jail credit, 60 days suspended, unsupervised probation for a period of 18 months on the condition he pay a $100 fine, not assault . . . Timeout assessment, further recommend stay away from the prosecuting witness.
Thus, the court explained that it knew nothing about the case, noted the district court's sentence, and explained to the parties that it was not bound by the district court and generally imposes active time in assault cases. See State v. Tice, ___ N.C. App. ___, ___, 664 S.E.2d 368, 373 (2008) (finding the trial court's pretrial colloquy to be a notification to the defendant of the risks of going forward, rather than an implicit warning of an increased sentence if defendant pled not guilty). The trial court made no mention of defendant's not guilty plea, nor did the court indicate that defendant should have taken a plea bargain from the State. Indeed, the record does not appear to contain any evidence that the State offered a plea arrangement or that defendant rejected one. When read in the context of the court's entire statement, we simply do not find this statement indicates any improper motive as was plainly apparent in Boone. Accordingly, we conclude that the trial court's imposition of a three-day active sentence did not constitute error.
No error.
Judges WYNN and CALABRIA concur.
Report per Rule 30(e).