MURPHY, Judge.
This appeal stems from the conviction of Defendant, Delvon Billy Spikes, for two counts of discharging a firearm into an occupied dwelling in violation of N.C.G.S. § 13-34.1(B) (2017). Defendant presents us with three arguments on appeal. First, Defendant argues the trial court erred in denying his motion to dismiss the charges for insufficient evidence. Second, he argues the trial court made numerous errors regarding an aggravating factor that the victim was very young. Third, Defendant argues the trial court abused its discretion in sentencing him at the top of the aggravated range. For the reasons stated below, we find no error in part and affirm in part.
BACKGROUND
In September 2015, "Gabrielle"[1] and her four children were living at the home of Teresa Scoggins ("Scoggins"). One evening, while Gabrielle and Scoggins were sitting on the front porch, four individuals argued on the sidewalk in front of Scoggins's home. Scoggins recognized one of the individuals, and noticed that two of the others were twins. Scoggins told the group to "leave out of my yard with all of the arguing and fighting." The group continued to argue for another ten to fifteen minutes before leaving.
About twenty minutes later, one of the twins who had been involved in the argument returned in a car, wearing the same clothes as before. That man, later identified as Defendant, began "cussing" and threatening one of the women on the porch. Scoggins told Defendant to leave her yard and "take it away from here because I have small children in the house." Gabrielle's children-ages two, six, eight, and nine-were asleep inside the house at the time. Defendant left, but returned an hour later in the same vehicle.
During this third and final visit, Scoggins saw Defendant hanging out of a rear window of the car as it drove past the house and to a stop sign down the block. Upon reaching the stop sign, the car turned around and drove back toward Scoggins's house. Defendant discharged his weapon, first into the air and then at Scoggins and her home. Gabrielle, nine months pregnant at the time, and Scoggins both took cover. Nobody was injured by any of the bullets. Police recovered a bullet from inside the bedroom where Gabrielle's children were sleeping at the time of the incident and from the porch. Police further noted bullet holes in the siding of the house.
Both Scoggins and Gabrielle identified Defendant as the shooter. Defendant testified that he had been at Scoggins's house during the initial argument but denied having driven back to the house or firing a gun. At the close of all evidence at trial, a jury found Defendant guilty of two counts of discharging a firearm into an occupied dwelling. The jury also found the aggravating factor that the victim was very young. The trial court sentenced Defendant to consecutive active sentences of 82 to 111 and 73 to 100 months.
ANALYSIS
A. Discharging a Firearm into an Occupied Dwelling
Defendant's first argument on appeal is that the trial court erred in denying his motion to dismiss for insufficient evidence made at the close of the State's evidence and renewed at the close of all evidence. Specifically, Defendant argues there was no evidence he "knew or had reasonable grounds to believe that the dwelling [involved in the shooting] might be occupied when the shots were fired." The State contends there was substantial evidence presented at trial regarding this mens rea requirement. We agree.
"When reviewing a sufficiency of the evidence claim, this Court considers whether the evidence, taken in the light most favorable to the [S]tate and allowing every reasonable inference to be drawn therefrom, constitutes substantial evidence of each element of the crime charged." State v. Taylor , 362 N.C. 514, 538, 669 S.E.2d 239, 261 (2008) (internal quotations omitted). A defendant is guilty of felony discharging a firearm into an occupied dwelling where he intentionally discharges a firearm into a dwelling which he knows, or "has reasonable grounds to believe," is occupied by one or more persons. State v. James , 342 N.C. 589, 596, 466 S.E.2d 710, 715 (1996).
We have previously held, "[r]easonable grounds to believe that a building might be occupied can certainly be found where a defendant has shot into a residence during the evening hours, as homeowners are most often at home during these hours." State v. Fletcher , 125 N.C. App. 505, 512, 481 S.E.2d 418, 423 (1997). Here, Defendant discharged his weapon into the dwelling at 2:00 a.m. Additionally, Defendant had been at the house less than an hour before the shooting and was told by the homeowner to "please leave my yard, take it away from here because I have small children in the house." Taken in the light most favorable to the State, there is substantial evidence Defendant knew, or had reasonable grounds to believe, the dwelling was occupied at the time he discharged his weapon. The trial court did not err in denying Defendant's motion to dismiss.
B. Aggravating Factor
Defendant's second argument on appeal comes in three parts but focuses on the jury finding the aggravating factor that the victim was very young. See N.C.G.S. § 15A-1340.16(d)(11) (2017). We address each of Defendant's arguments in turn.
1. Motion to Dismiss
Defendant argues the trial court erred by failing to dismiss the aggravating factor for insufficient evidence that the Defendant knew or should have known the victim was very young. In response, the State contends that "[g]iven the vulnerability of a very young victim to the crime committed in this case, further evidence beyond the victim's age is unnecessary to support a finding of the aggravating factor of a very young victim." As with Defendant's first insufficient evidence argument, we review this issue to determine whether "the evidence is legally sufficient to support a verdict of guilty" of the aggravating factor in question. State v. Frazier , 142 N.C. App. 207, 208, 541 S.E.2d 800, 801 (2001).
Defendant does not cite any cases where we have explicitly or implicitly required a defendant to know a victim was very young for that aggravating factor to apply during sentencing. Likewise, our own research fails to disclose any legal authority supporting such an argument. Instead, the analysis focuses on whether "the victim's age causes the victim to be more vulnerable than he or she otherwise would be to the crime committed against him or her, as where age impedes a victim from fleeing, fending off attack, recovering from its effects, or otherwise avoiding being victimized." State v. Hines , 314 N.C. 522, 525, 335 S.E.2d 6, 8 (1985). In cases "involving victims near the beginning or end of the age spectrum, the prosecution may establish vulnerability merely by relating the victim's age and the crime committed." Id. at 526, 335 S.E.2d at 8 (citing State v. Ahearn , 307 N.C. 584 603, 300 S.E.2d 689, 701 (1983) (holding a two-year-old victim of child abuse was obviously more vulnerable to the crime than an older child based simply on the victim's age and the nature of the crime) ).
It is undisputed that one of the nine occupants of the dwelling Defendant discharged his weapon into was only two years old. "Since the purpose of the statute prohibiting discharge of a firearm into a building is the protection of the occupant(s) of a building, any person located in the target building is a victim of this offense." State v. Jones , 104 N.C. App. 251, 259, 409 S.E.2d 322, 326 (1991) (finding no error where the trial court sentenced a defendant found guilty of discharging a firearm into an occupied building in the aggravated range because the victim was two years old). As was the case in Jones , Defendant shot indiscriminately into the house and, by doing so, endangered a two year old child, whose vulnerability "was increased due to her youth in that she was less likely to react defensively by fleeing or falling to the floor or by seeking other shelter from the multiple shots that flew around her." Id. at 260, 409 S.E.2d at 327. The evidence is sufficient to support the aggravating factor and the court did not err in denying Defendant's motion to dismiss.
2. Jury Instructions
In the alternative to his first argument regarding the aggravating factor, Defendant argues the trial court committed plain error in charging the jury on the aggravating factor. "For error to constitute plain error, a defendant must demonstrate that a fundamental error occurred at trial." State v. Lawrence , 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012) (citing State v. Odom , 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) ). Defendant bears the burden of proving prejudice, or that the error "had a probable impact on the jury's finding that the defendant was guilty." Lawrence , 365 N.C. at 518, 723 S.E.2d at 334. Additionally, "because plain error is to be applied cautiously and only in the exceptional case, the error will often be one that seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (internal citation and quotations omitted).
Defendant argues the trial court should have instructed the jury that "[i]n order to find the existence of this aggravating factor, you must find, beyond a reasonable doubt, that prior to the shooting, the defendant knew or had reasonable grounds to believe the dwelling might be occupied by one or more young children[.]" Defendant fails to cite any precedent requiring a defendant to know their victim was very young at the time he committed a crime for the "very young" aggravating factor to apply. Furthermore, the plain language of the statute is focused on the age of the victim-not the mental state of the offender-because the victim's age, rather than the offender's knowledge thereof, is what renders her less likely to flee, fend off attack, recover from its effects, or otherwise avoid being victimized. See N.C.G.S. § 15A-1340.16(d)(11) (2017) ; Jones , 104 N.C. App. at 260, 409 S.E.2d at 327. We hold the trial court did not commit error, let alone plain error, when it instructed the jury as to the aggravating factor.[2]
3. The Jury's Verdict
In his final argument relating to the aggravating factor, Defendant argues:
"In every case in which it is found that the judge erred in a finding ... in aggravation and imposed a sentence beyond the presumptive term, the case must be remanded for a new sentencing hearing." State v. Bozeman , 115 N.C. App. 658, 665, 446 S.E.2d 140, 145 (1994). For the reasons set forth above ... [Defendant] contends that the trial court erred in accepting the jury's finding of the existence of the aggravating factor and sentencing defendant within the aggravated range accordingly.
This argument is merely a restatement of Defendant's prior two arguments regarding the aggravating factor and a prayer for relief in the form of a new trial. Given the preceding discussion regarding the aggravating factor at issue here, Defendant's argument is unpersuasive. As is discussed above, the trial court did not err in denying Defendant's motion to dismiss the aggravating factor and its jury instructions were not erroneous. The jury was permitted to find the aggravating factor that the victim of Defendant's crime was very young and the trial court did not err in accepting the verdict.
C. Sentencing
Defendant's final argument on appeal is that the trial court erred by finding "the jury's aggravating factor outweighed the mitigating factors[,]" sentencing Defendant in the aggravated range, and imposing consecutive sentences.
Before weighing the aggravating and mitigating factors and announcing Defendant's sentence, the trial court stated, "the fact that you're-you continue to say you're innocent and protest your innocence, says you haven't learned anything from this situation and the situation could happen again." Based on this statement alone, Defendant argues "the court imposed consecutive sentences within the aggravated range because of his protestation of innocence despite the trial testimony and the jury's verdict." We review a trial court's weighing of mitigating and aggravating factors for abuse of discretion, and that weighing "will not be disturbed on appeal absent a showing that the decision was manifestly unsupported by reason." State v. Butler , 341 N.C. 686, 694, 462 S.E.2d 485, 489 (1995).
"A sentence within the statutory limit will be presumed regular and valid." State v. Boone , 293 N.C. 702, 712, 239 S.E.2d 459, 465 (1977). Nevertheless, some cases have remanded for resentencing despite this presumption of regularity. For example, our Supreme Court remanded a case where the trial judge "had indicated in chambers to the defendant's counsel his intentions to give to the defendant an active prison sentence if he persisted in his plea of not guilty and did not accept a lesser plea proffered by the Assistant District Attorney." Id. Similarly, in State v. Peterson , a sentence was vacated and remanded where the trial judge castigated the defendant for electing a jury trial in the face of "evidence of guilt [that] was 'such that any rational person would never have rolled the dice and asked for a jury trial ....' " 154 N.C. App. 515, 518, 571 S.E.2d 883, 885 (2002). We held, "Where it can be reasonably inferred the sentence imposed on a defendant was based, even in part, on the defendant's insistence on a jury trial, the defendant is entitled to a new sentencing hearing." Id. at 517, 571 S.E.2d at 885. However, Defendant's sentence was not imposed in any part due to his insistence on a jury trial and his counsel does not advance such an argument on appeal.
The trial court's statements here are more akin to those described in State v. Bright , 301 N.C. 243, 271 S.E.2d 368 (1980). In Bright , prior to sentencing, the trial judge "relate[d] to defendant the adverse effects of defendant's actions upon his family and ... again review[ed] the evidence upon which the jury verdicts were based." Id. at 261, 271 S.E.2d at 379. Similarly, the trial judge in the instant case spoke to Defendant about the seriousness of discharging a firearm, explaining, "[y]ou are lucky that something-that that bullet that went through that window didn't strike someone and kill [them.]" It was only toward the end of his remarks that the trial judge observed, "the fact that you're-you continue to say you're innocent and protest your innocence, says you haven't learned anything from this situation and the situation could happen again." We give great deference to a trial court's decision regarding the impact aggravating and mitigating factors will have on a defendant's sentence, and the evidence here is insufficient to show that the trial court imposed this sentence for an improper purpose. Butler , 341 N.C. at 694-95, 462 S.E.2d at 490.
As was the case in Bright , "we do not approve of the judge's extended pre-sentence remarks," but cannot hold that his sentencing decision was manifestly unsupported by reason such that Defendant's sentence should be vacated. Bright , 301 N.C. at 262, 271 S.E.2d at 360. The trial court did not abuse its discretion in sentencing Defendant to consecutive sentences at the top of the aggravated range.
CONCLUSION
The trial court did not err in denying Defendant's motions to dismiss the discharging a firearm into an occupied dwelling charge or the aggravating factor that the victim was very young. The trial court did not err in instructing the jury as to the aggravating factor that the victim was very young. Finally, the trial court did not abuse its discretion in sentencing Defendant to consecutive sentences in the aggravated range.
NO ERROR IN PART; AFFIRMED IN PART.
Report per Rule 30(e).
Judges HUNTER, JR. and DAVIS concur.

We use a pseudonym in order to better protect the identities of Gabrielle's children, the minor victims of Defendant's crimes.

The trial court's instructions were a verbatim recitation of the relevant pattern jury instruction:
In the event that you have found the Defendant guilty of discharging a firearm in occupied property, you must, then, consider and answer the following question: Do you find, from the evidence, beyond a reasonable doubt, the existence of the following aggravating factor: One, the victim was very young. If you find from the evidence, beyond a reasonable doubt, that one, the victim was very young, then, you will write, "yes" in the space after this aggravating factor on the verdict sheet. If you have found the existence of this one aggravating factor and have written "yes," in the space after this aggravating factor, then, you will also answer one, "yes," and write "yes" in the space after "Issue One" on the verdict sheet. If you do not so find, then, you will leave blank the space after the aggravating factor.
See N.C.P.I.-Crim. 204.25 (2014).