STATE v. RUDISILL

[137 N.C. App. 379 (2000)]

———————————————

STATE OF NORTH CAROLINA v. TRAVIS SHAWN RUDISILL

No. COA99-1012

(Filed 4 April 2000)

**Indecent Liberties— sentencing—aggravating factors—victim's age**

An indecent liberties defendant received a new sentencing hearing where the sentencing judge found the statutory aggravating factor that the victim was very young, but the record showed only that the victim was seven years old. There was no finding that this child was more vulnerable simply because of his age; merely checking the AOC form is not sufficient to establish this aggravating factor except in cases where the child is of such tender age that the vulnerability is established by the nature of the crime.

Appeal by defendant from judgment entered 25 February 1999 by Judge Dennis J. Winner in Jackson County Superior Court. Heard in the Court of Appeals 27 March 2000.

Pursuant to a plea arrangement, defendant pled guilty to taking indecent liberties with a child. The plea arrangement left determination of sentence to the trial judge. The trial judge found aggravating and mitigating factors and sentenced defendant to a minimum term of twenty-four months and a maximum term of twenty-nine months imprisonment. The sentence exceeds the presumptive sentences for the offense. From this judgment defendant appeals pursuant to N.C. Gen. Stat. § 15A-1444(a1) (1999).

*Attorney General Michael F. Easley, by Assistant Attorney General Michelle Bradshaw, for the State.*

*Mark R. Melrose for defendant-appellant.*

SMITH, Judge.

The sentencing judge found that the statutory aggravating factor that the victim was "very young." Defendant contends the trial court improperly used the victim's age as an aggravating factor because the State did not present evidence that "the victim was more vulnerable than other victims because of his age." We agree.

Defendant was charged under N.C. Gen. Stat. § 14-202.1 (1999) which states that a person is guilty of taking indecent liberties with children if he "[w]illfully takes or attempts to take any immoral, improper, or indecent liberties with any child . . . under the age of 16 years for the purpose of arousing or gratifying sexual desire," or "[w]illfully commits or attempts to commit any lewd or lascivious act upon . . . any child of either sex under the age of 16 years." Where age is an element of the offense, as here, the trial court can properly find the statutory aggravating factor based on age if "the evidence, by its greater weight, shows that the age of the victim caused the victim to be more vulnerable to the crime committed against him than he otherwise would have been[.]" *State v. Farlow*, 336 N.C. 534, 540, 444 S.E.2d 913, 917 (1994).

In *State v. Ahearn*, 307 N.C. 584, 603, 300 S.E.2d 689, 701 (1983), our Supreme Court sustained a finding of an aggravating factor that a 24-month-old victim was very young in a felonious child abuse case. The Court reasoned that, "[t]he abused child may be vulnerable due to its tender age, and *vulnerability* is clearly the concern addressed

by this factor." *Id.* Thus, without the need for any special showing by the prosecution that the victim was vulnerable, the victim's vulnerability was established simply by the victim's especially tender age and the nature of the crime.

In *State v. Sumpter*, 318 N.C. 102, 347 S.E.2d 396 (1986), however, our Supreme Court rejected a finding of an aggravating factor that a 13-year-old victim was very young in an indecent liberties case. The Court reasoned that, "[w]hile a thirteen-year-old girl may be more vulnerable than a thirty-year-old woman to sexual assault, we cannot say that the victim's age made her any more vulnerable to the offense of indecent liberties with a minor than other victims of the offense. She was only two years younger than the maximum age used to define the offense." *Id.* at 113, 347 S.E.2d at 402.

Again, in *Farlow*, 336 N.C. 534, 444 S.E.2d 913, our Supreme Court was presented with the question of whether the trial court properly found as an aggravating factor that the victim was very young when defendant committed the offense of taking indecent liberties with the child. The Court stated that the victim was eleven years old and "nothing else appearing as in *Sumpter*, age alone could not be used to aggravate the sentence for the conviction of taking indecent liberties with children." *Id.* at 540, 444 S.E.2d at 917. Distinguishing *Farlow* from *Sumpter*, the Supreme Court nevertheless concluded that the trial court properly aggravated the defendant's sentence. The Court pointed out that the court did not find the statutory aggravating factor that the victim was "very young." Rather, the trial court found a nonstatutory aggravating factor that defendant's, "actions at the age of the victim in this offense made that victim particularly vulnerable to the offense committed." *Id.* In addition, the Supreme Court found that evidence of defendant bestowing gifts on the victim supported the aggravating factor of increased vulnerability.

Here, the trial court found the statutory aggravating factor that the victim was "very young." The record shows only that the victim was seven years old. Like *Sumpter*, the victim's age, alone, does not demonstrate that he was more vulnerable to the assault in this case than an older child would have been. There was no finding that this child was more vulnerable simply because of his age. We do not believe that merely checking the AOC form is sufficient to establish this aggravating factor except in cases where the child is of such tender age that the vulnerability is established by consideration of the nature of the crime. (See *Ahearn*, 307 N.C. 584, 300 S.E.2d 603).

Defendant must, therefore, receive a new sentencing hearing on his conviction for taking indecent liberties with a minor.

Other errors assigned in the sentencing hearing are not likely to reoccur; therefore, we refrain from discussing them.

Sentence vacated and remanded for new sentencing hearing.

Chief Judge EAGLES and Judge WALKER concur.