STATE OF NORTH CAROLINA v. RONALD RAY STARNER

No. COA01-996

(Filed 6 August 2002)

### 1. Evidence— prior crimes or bad acts—sexual abuse of young female family members—common plan or scheme

The trial court did not err in a first-degree statutory sexual offense and taking indecent liberties case involving defendant's stepdaughter by allowing under N.C.G.S. § 8C-1, Rule 404(b) the testimony of defendant's natural daughter concerning his sexual abuse of her, because: (1) the testimony of defendant's sexual assaults against his natural daughter showed a common plan or scheme by defendant of abusing young female family members; and (2) the evidence reveals past wrongs by defendant that are strikingly similar and not too remote in time to the alleged crimes in this case involving defendant's stepdaughter.

### 2. Witnesses— children—ordering public to leave courtroom not plain error

The trial court did not commit plain error in a first-degree statutory sexual offense and taking indecent liberties case involving defendant's stepdaughter by ordering the public to leave the courtroom during the voir dire of defendant's natural daughter, because: (1) the trial court asked defendant if he objected to the closure and after defendant's counsel responded that he did not, the closure was limited to voir dire testimony only; (2) where defendant consents to the closure, the trial court is not required to make specific findings of fact; and (3) even if the trial court had erred, defendant failed to show that the jury would have reached a different result absent the alleged error.

### 3. Sentencing— aggravating factor—victim very young

The trial court did not err in a first-degree statutory sexual offense and taking indecent liberties case by imposing an aggravated range sentence based on the aggravating factor that the victim, defendant's stepdaughter, was very young, because the combined factor of the child victim's young age and defendant's position of authority rendered the child more vulnerable to these crimes.

**STATE v. STARNER**

[152 N.C. App. 150 (2002)]

Appeal by defendant from judgment entered 25 April 2001 by Judge Michael E. Helms in Forsyth County Superior Court. Heard in the Court of Appeals 15 May 2002.

*Roy Cooper, Attorney General, by Anita LeVeaux, Assistant Attorney General, for the State.*

*J. Clark Fischer for defendant-appellant.*

THOMAS, Judge.

Defendant, Ronald Ray Starner, appeals from convictions of first-degree sexual offense against a child and taking indecent liberties with a child. He sets forth three assignments of error. For the reasons herein, we find no error.

The State's evidence tends to show the following: "B," defendant's nine-year-old stepdaughter, testified that "lots of times," beginning when she was as young as four years of age, defendant made her feel uncomfortable by placing his finger in her anus. As soon as B's mother left for work at 4:00 A.M., defendant would sometimes remove B's underwear and place her on the bed in the living room. While playing a pornographic video of adults and children engaging in sexual activity, defendant would insert his finger inside B's anus, rub himself "where he 'pee-pees' " and then "pee-pee" on her.

B was afraid of defendant. Defendant repeatedly threatened to kill her if she told anyone. B had also seen defendant hold a knife to her mother's throat and threaten to kill her. B's mother testified that the child had indeed seen defendant threaten her with a knife.

B's mother further testified that B told her about the abuse. B also told a school counselor, who made a referral to the Forsyth County Department of Social Services. Dr. Christopher Scheaffer, a clinical psychologist, evaluated B and determined that her conceptual development was slightly below her age level. Scheaffer testified that she was consistent in giving him details of the sexual abuse.

Defendant's sixteen-year-old natural daughter, "M," testified that defendant began sexually abusing her when she was five years old. When M's mother was not at home, defendant would sometimes instruct M to put on a dress but not wear underwear. He then placed a blanket on the floor and played a pornographic video. Defendant would then anally rape M. He told her that if she told anyone he would kill her.

M's fifteen-year-old cousin testified that when she was five years old and visiting M, she hid in the basement during a game of hide-and-seek. Defendant was also in the basement. He showed her his penis and tried to get her to touch it. The cousin's mother filed charges against defendant but eventually decided to drop them because she did not want to put her daughter through the ordeal of testifying.

On 19 July 2000, defendant gave a statement to Forsyth County Sheriff's Department Juvenile Detective Karen Boyd admitting that on two occasions he had "played with [his penis]" and had inserted his finger in B's anus while watching a pornographic video in the living room. After Boyd had read the statement back to defendant three times, he signed it. Detective Charles Lynch then interviewed defendant. Defendant admitted to masturbating and putting his finger in B's anus while watching pornographic videos with her.

Defendant testified that he did not read the statement before signing it, and he only signed it because he understood he would not be allowed to go home otherwise. He denied abusing B or possessing any pornographic videos with children in them.

Defendant was found guilty of first-degree statutory sex offense and taking indecent liberties with a child. He was sentenced to consecutive terms of 360 to 441 months for the first offense, and 24 to 29 months for the second. He appeals.

**[1]** By his first assignment of error, defendant contends the testimony of M was inadmissible under Rule 404(b) of the North Carolina Rules of Evidence. The Rule provides:

(b) Other crimes, wrongs, or acts.—Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

N.C. Gen. Stat. § 8C-1, Rule 404(b) (2001). If the proffered evidence is admissible under the Rule, the trial court must then examine whether the probative value of the evidence outweighs its prejudicial effects. *State v. White*, 135 N.C. App. 349, 352, 520 S.E.2d 70, 72, *disc. review allowed*, 351 N.C. 120, 541 S.E.2d 472, *review withdrawn*, 351 N.C. 190, 541 S.E.2d 726 (1999). " '[T]he ultimate test for determining whether such evidence is admissible is whether the incidents are sufficiently similar and not so remote in time as to be more probative

STATE v. STARNER

[152 N.C. App. 150 (2002)]

than prejudicial under the balancing test of N.C.G.S. § 8C-1, Rule 403.' " *Id.* (quoting *State v. Boyd,* 321 N.C. 574, 577, 364 S.E.2d 118, 119 (1988)).

Here, M's testimony of defendant's sexual assaults against her shows a "common plan or scheme," by defendant of abusing young female family members. *State v. Frazier,* 344 N.C. 611, 615-16, 476 S.E.2d 297, 299-300 (1996) (allowing testimony of defendant's prior similar acts of sexual abuse against female adolescent family members). We therefore find the evidence admissible under Rule 404.

We further hold that the testimony passes the balancing test required by Rule 403. While certainly prejudicial to defendant, the evidence is more probative in that it reveals past wrongs by defendant that are strikingly similar and not too remote in time to the alleged crimes here. The incidents involve a daughter and a stepdaughter. Both girls were sexually assaulted by defendant's placing either his finger or his penis in their anus while he played pornographic videos. Both girls were assaulted in their own home, while defendant was their caretaker, and while their mothers were not home. Defendant began abusing B and M when they were four and five years of age, respectively. The abuse of M stopped only when she was taken from defendant's home and he no longer had access to her. The abuse of B occurred shortly after defendant married B's mother and began living with the child. Moreover, the three to four year time lapse between the abuse of M and B does not render the incidents too remote in time to be admissible. *See State v. Penland,* 343 N.C. 634, 654, 472 S.E.2d 734, 745 (1996) (stating that a ten-year gap between instances of similar sexual misbehavior did not render them so remote in time as to negate the existence of a common plan or scheme), *cert. denied,* 519 U.S. 1098, 136 L. Ed. 2d 725, *reh'g denied,* 520 U.S. 1140, 137 L. Ed. 2d 366 (1997). Accordingly, the trial court properly admitted M's testimony of strikingly similar abuse by defendant.

**[2]** By defendant's second assignment of error, he argues that the trial court committed plain error by ordering the public to leave the courtroom during the *voir dire* of defendant's daughter, M. We disagree.

> In the trial of cases for rape or sex offense or attempt to commit rape or attempt to commit a sex offense, the trial judge may, during the taking of the testimony of the prosecutrix, exclude from the courtroom all persons except the officers of the court, the defendant and those engaged in the trial of the case.

N.C. Gen. Stat. § 15-166 (2001). "In clearing the courtroom, the trial court must determine if the party seeking closure has advanced an overriding interest that is likely to be prejudiced, order closure no broader than necessary to protect that interest, consider reasonable alternatives to closing the procedure, and make findings adequate to support the closure." *State v. Jenkins*, 115 N.C. App. 520, 525, 445 S.E.2d 622, 625, (citing *Waller v. Georgia*, 467 U.S. 39, 48, 81 L. Ed. 2d 31, 39 (1984), *disc. review denied*, 337 N.C. 804, 449 S.E.2d 752 (1994)), *temporary stay allowed*, 336 N.C. 784, 447 S.E.2d 435, *disc. review denied*, 337 N.C. 804, 449 S.E.2d 752 (1994).

In the present case, the trial court asked defendant if he objected to the closure. After defendant's counsel responded that he did not, the closure was limited to *voir dire* testimony only. The courtroom was reopened to the public at the conclusion of *voir dire*, and defendant's cross-examination of M resumed. The trial court, however, made no findings to support the closure. Nevertheless, we hold that where defendant consents to the closure, the trial court is not required to make specific findings of fact. *Cf. Waller*, 467 U.S. at 48, 81 L. Ed. 2d at 39 (requiring the trial court, where it ordered closure *over objection of the defendant*, to make closure no broader than necessary, consider other alternatives, and to make findings of fact in order to protect Sixth Amendment public-trial guarantee).

Moreover, in order to prevail under a plain error analysis, a defendant must show: (1) there was error; and (2) without this error, the jury would probably have reached a different verdict. *State v. Faison*, 330 N.C. 347, 361, 411 S.E.2d 143, 151 (1991). Based on the testimony of B, M, M's cousin, and defendant's admissions to Detectives Boyd and Lynch, even if the trial court had erred, defendant failed to show that the jury would have probably reached a different verdict had the court not ordered closure during the *voir dire* of M.

[3] By his last assignment of error, defendant contends the trial court erred in imposing an aggravated range sentence based on the aggravating factor that the victim was very young. Defendant argues that the evidence in the record does not support this aggravating factor because there is nothing in it suggesting the victim's age rendered her more vulnerable to sexual assault than an older child. We disagree.

Defendant was convicted under section 14-202.1, which provides that a person is guilty of taking indecent liberties with children if he

"[w]illfully takes or attempts to take any immoral, improper, or indecent liberties with any child . . . under the age of 16 years for the purpose of arousing or gratifying sexual desire," or "[w]illfully commits or attempts to commit any lewd or lascivious act upon . . . any child of either sex under the age of 16 years." N.C. Gen. Stat. § 14-202.1 (2001). Defendant was also convicted under section 14-27.4(a)(1), which states that a person is guilty of a sexual offense in the first degree if he "engages in a sexual act . . . with a . . . child under the age of 13 years . . . ." N.C. Gen. Stat. § 14-27(a)(1) (2001). This Court has stated:

> Where age is an element of the offense, as here, the trial court can properly find the statutory aggravating factor based on age if "the evidence, by its greater weight, shows that the *age of the victim caused the victim to be more vulnerable to the crime* committed against him than he otherwise would have been[.]"

*State v. Rudisill*, 137 N.C. App. 379, 380, 527 S.E.2d 727 (2000) (emphasis added) (quoting *State v. Farlow*, 336 N.C. 534, 540, 444 S.E.2d 913, 917 (1994)).

In *Rudisill*, this Court held that the trial court's finding that the victim, a seven-year-old child, was "very young," could not alone be used to aggravate the sentence for a conviction of indecent liberties with children. 137 N.C. App. at 381, 527 S.E.2d at 728. Here, B first became a victim of defendant's abuse when she was four years old. A child of four years is far more vulnerable than an older child because she is less able to verbalize the abuse that has happened to her.

Moreover, in *Farlow*, our Supreme Court held that the trial court properly aggravated the sentence for a conviction of indecent liberties with a minor because the trial court did not find the statutory aggravating factor that the victim, an eleven-year-old, was "very young." 336 N.C. at 540, 444 S.E.2d at 917. Rather, the basis for aggravating the sentence was the nonstatutory factor that the defendant's "actions at the age of the victim in this offense made that victim particularly vulnerable to the offense committed." *Id.* Specifically, the defendant "increased [the] vulnerability of the victim [by] . . . bestowing gifts on him." *Id.*

Similarly, the trial court here found another aggravating factor, albeit statutory, besides that the victim was "very young." It found that defendant "took advantage of a position of trust or confidence to

commit the offense." Defendant lived with B and was her stepfather. Defendant took advantage of his position as defendant's primary caretaker by waking B shortly after her mother left for work to sexually abuse her. He then threatened to kill her if she told anyone. We hold that the combined factors of B's young age and defendant's position of authority rendered the child more vulnerable to these crimes. Accordingly, the trial court properly aggravated defendant's sentence.

NO ERROR.

JUDGES WYNN and HUNTER concur.