McCULLOUGH, Judge.
Warith Farad Muhammad, Sr. ("defendant") appeals from judgments entered upon his convictions for taking indecent liberties with a child and first degree sexual exploitation of a minor. For the following reasons, we find no error.
I. Background
The victims, A.G., L.G., and M.G.[1] , are sisters whose ages were seven, five, and three, respectively, on 25 October 2012 when the events in question occurred. They lived in an apartment with their mother, Ms. Gray, and the mother's ex-boyfriend, Warith Muhammad, Jr. ("Junior"). Defendant, Junior's father, provided childcare to the children when Ms. Gray and Junior were at work.
On 25 October 2012, Ms. Gray asked to use defendant's cell phone and was granted permission. While she was in possession of defendant's phone, Ms. Gray came across nude pictures of her young daughters. Ms. Gray became upset and left the residence to pick up Junior from work. Ms. Gray did not return defendant's cell phone to defendant. While she was driving, Ms. Gray called her sister to tell her what she found. Her sister then called the police who responded to the apartment and were present when Ms. Gray returned. Ms. Gray, still highly upset from seeing the pictures, threatened to kill defendant in the presence of law enforcement officers. She then ran up to Officer Claffee and, while attempting to hand him defendant's cell phone, screamed, "They're on here[.]" "This mother-f----- took naked pictures of my girls." Ms. Gray would not calm down and was arrested for communicating threats.
Thereafter, based upon Ms. Gray's statements and her emotional reaction, Officer Claffee searched defendant's cell phone and saw nude photos of children. Officer Claffee then turned over defendant's cell phone and filed a report to be used in the investigation. The investigating detective later used Officer Claffee's report to apply for and obtain a search warrant on 31 October 2012. The investigating detective testified at trial that defendant admitted to taking some of the pictures while being interrogated.
Between indictments and superseding indictments returned by a Forsyth County Grand Jury on 3 March 2013 and 9 September 2013, defendant was indicted on four counts of indecent liberties with a minor, four counts of first degree sexual exploitation of a minor, and two counts of first degree sex offense.
On 4 September 2013, the defense filed a motion to suppress evidence obtained from defendant's cell phone. In the motion, the defense challenged the validity of the warrantless search by Officer Claffee at the scene and the investigating detective's subsequent search pursuant to the warrant issued on 31 October 2012. Concerning the second search pursuant to the warrant, the defense argued "the search warrant application supplied to the magistrate was inadequate to support the issuance of the warrant."
On 3 February 2013, defendant pled not guilty to all charges and his cases were joined and called for trial in Forsyth County Superior Court, the Honorable John O. Craig, Judge presiding. Prior to jury selection, the court considered defendant's motion to suppress. Upon hearing from witnesses and considering arguments by both sides, the trial court denied defendant's motion to suppress, issuing findings of fact and conclusions of law. A written order memorializing the trial court's ruling was filed on 7 February 2014.
In summary, the court found and concluded the following: Ms. Gray obtained legal and valid permission to use defendant's cell phone and defendant waived any reasonable expectation of privacy. While in possession of defendant's phone, she discovered nude pictures of her young daughters. Ms. Gray appeared to be in her 20's, so it would be unlikely for her daughters to be 18 years or older. Ms. Gray's extreme emotional reaction combined with her legal possession of the phone, would lead an officer to believe that the photos were not innocent in nature, but were indicative of illegal activity. Officer Claffee's initial search of defendant's phone was illegal and must be excluded as a basis for probable cause. In light of Ms. Gray's extreme emotional reaction and her statements to police officers, there was sufficient evidence for a judicial officer to conclude that probable cause existed.
Defendant's case was then tried before a jury beginning on 4 February 2014. During trial, the trial court granted the defense's motion to dismiss one count of first degree sex offense. The rest of the charges were presented to the jury. In addition to instructing the jury on the substantive offenses, the trial judge instructed the jury on the aggravating factor that the victims were very young. On 7 February 2014, the jury convicted defendant of four counts of sexual exploitation of a minor and four counts of taking indecent liberties with a child. The jury also found the existence of the aggravating factor that the victims were very young. The trial judge declared a mistrial as to the remaining count of first degree sex offense and dismissed the charge because the jury could not reach a verdict.
The trial court entered judgments on defendant's convictions and, applying the aggravating factor, sentenced defendant as a prior record level I to six consecutive terms totaling 214 to 416 months imprisonment. The court further ordered defendant to register as a sex offender upon release. Defendant gave notice of appeal in open court on 7 February 2014.
II. Discussion
Defendant raises the following two issues on appeal: whether the trial court erred in (1) denying his motion to suppress, and (2) applying the aggravating factor that the victims were very young.
Motion to Suppress
In denying defendant's motion to suppress, the trial court concluded as a matter of law that (1) the initial search by Officer Claffee was illegal and could not be considered as basis for establishing probable cause, and (2) there was sufficient evidence to establish the existence of probable cause without considering Officer Claffee's initial search. In so holding, the trial court relied on Ms. Gray's statements and her extreme emotional reactions to the photographs as sufficient evidence to establish that illegal activity probably existed on defendant's cell phone.
Now on appeal, the defense contends the trial court erred in concluding there was sufficient evidence to support the existence of probable cause.
Our review of a trial court's denial of a motion to suppress is "strictly limited to determining whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law."State v. Cooke,306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982). "The trial court's conclusions of law ... are fully reviewable on appeal." State v. Hughes,353 N.C. 200, 208, 539 S.E.2d 625, 631 (2000).
As an initial matter, we note the State argues the trial court erred in concluding Officer Claffee's initial search of defendant's cell phone was unconstitutional. The State contends the evidence from Officer Claffee's search was proper to consider and serves as a separate basis for admission of the evidence from defendant's cell phone. In response, the defense claims the State did not preserve this challenge for appeal in accordance with Rule 10 of the appellate rules. Even assuming arguendo that the trial court was correct in holding Officer Claffee's initial search could not be considered in determining probable cause, we find the warrant application sufficient. Thus, we do not address the merits of the State's arguments any further.
As this Court has explained,
[a] valid search warrant application must contain allegations of fact supporting the statement. The statements must be supported by one or more affidavits particularly setting forth the facts and circumstances establishing probable cause to believe that the items are in the places or in the possession of the individuals to be searched. Although the affidavit is not required to contain all evidentiary details, it should contain those facts material and essential to the case to support the finding of probable cause.... The clear purpose of these requirements for affidavits supporting search warrants is to allow a magistrate or other judicial official to make an independent determination as to whether probable cause exists for the issuance of the warrant under N.C. Gen.Stat. § 15A-245(b) (2001). N.C. Gen.Stat. § 15A-245(a) requires that a judicial official may consider only information contained in the affidavit, unless such information appears in the record or upon the face of the warrant.
State v. McHone,158 N.C.App. 117, 120, 580 S.E.2d 80, 83 (2003) (internal quotation marks, alterations, and citations omitted) (emphasis in original).
When addressing whether a search warrant is supported by probable cause, a reviewing court must consider the totality of the circumstances. In applying the totality of the circumstances test, our Supreme Court has stated that an affidavit is sufficient if it establishes reasonable cause to believe that the proposed search ... probably will reveal the presence upon the described premises of the items sought and that those items will aid in the apprehension or conviction of the offender. Probable cause does not mean actual and positive cause nor import absolute certainty. Thus, under the totality of the circumstances test, a reviewing court must determine whether the evidence as a whole provides a substantial basis for concluding that probable cause exists. In adhering to this standard of review, we are cognizant that great deference should be paid to a magistrate's determination of probable cause and that after-the-fact scrutiny should not take the form of a de novoreview. It is well settled that whether probable cause has been established is based on factual and practical considerations of everyday life on which reasonable and prudent persons, not legal technicians, act. Probable cause is a flexible, common-sense standard. It does not demand any showing that such a belief be correct or more likely true than false. A practical, nontechnical probability is all that is required.
State v. Pickard,178 N.C.App. 330, 334-35, 631 S.E.2d 203, 206-07 (2006) (internal quotation marks, citations, and alterations omitted).
In support of its argument, the defense contends that the trial court erred in considering Ms. Gray's emotional reaction, rather than focusing exclusively on the face of the search warrant application. The defense argues that when limiting the analysis to the face of the warrant application, the only evidence that can be considered is the fact that Ms. Gray told Officer Claffee that there were pictures in defendant's cell phone of her daughters posing completely nude. The defense believes that this statement by Ms. Gray was insufficient to establish probable cause that there were pictures in the phone containing illegal activity.[2]
The portion of the search warrant application the trial court was allowed to consider provides,
On 10/25/2012, Officer J.A. Claffee of the Winston-Salem Police Department took a report from [Ms.] Gray.... [Ms.] Gray advised that she asked to use [defendant's] ... cellular phone on that date. [Defendant] is the father of [Ms. Gray's] current boyfriend. [Ms.] Gray advised that [defendant] babysits her 3 female children ages 7, 5, and 4 while she and her boyfriend work sometimes. [Ms.] Gray advised that during the course of using [defendant's] cellular phone, [Ms.] Gray looked at some of the photos stored within the phone. [Ms.] Gray located 3 photos showing her 4 and 5 year old daughters posing completely nude on the phone. [Ms.]Gray maintained custody of the phone. [Ms.] Gray gave the phone to Officer Claffee.
It is clear the trial court erred to the extent the court based its decision on evidence outside the search warrant application. Yet, although the trial court heard evidence about Ms. Gray's volatile reaction during the suppression hearing, we hold that portions of the trial court's first three findings of fact and the trial court's second conclusion of law are sufficient to establish probable cause, without considering the findings and conclusions about Ms. Gray's extreme emotional reaction.
Specifically, those portions of the trial court's findings of fact, which are supported by evidence in the warrant application, provide the following:
1. On October 25, 2012, [Ms. Gray] obtained permission to use the [d]efendant's phone....
2. Ms. Gray viewed photos or saw, if not the full-size pictures, visual icons of the photos that were large enough for her to recognize nude photos of her young daughters....
3. At the scene, Ms. Gray, who was insisting that there were naked pictures of her kids on the defendant's phone, appeared by all outward appearance to be a young woman in her 20's, so that to a reasonable person, it would be unlikely for the photos to be of children 18 years or older.
Conclusion of law number two, which tracks finding of fact number three, then provides,
2. The Court, in analyzing this case, is required to look at the matter from the perspective of what is contained in the search warrant application. In this regard, the Court finds that Ms. Gray's extreme reaction to the photos made it reasonable for Officer Claffee to expect that the photos were indeed explicit and/or lewd and that they were of minor children, given the appearance and age of Ms. Gray.
Defendant argues that Ms. Gray's statement to police about nude pictures of her daughters in defendant's cell phone "is a far cry from evidence that there were pornographic pictures therein." However, the warrant application also states that Ms. Gray handed over the phone to law enforcement officers. It is hard to imagine a situation where a mother would voluntarily hand over nude pictures of her children to a law-enforcement officer if there was no reason to believe that illegal activity probably existed. The face of the warrant application also provides that Ms. Gray located three photos of her daughters "posing" completely nude on the phone. The warrant application further states that Ms. Gray informed law enforcement that defendant was the father of her current boyfriend. Being that defendant is much older and not related to the mother or the children, a reasonable person would conclude that he is less likely to be someone possessing these pictures for an innocent purpose than would be a direct relative, such as a mother or father.
We hold a common sense reading of this warrant application would lead a reasonable person to conclude that the pictures were not innocent, but sexual in nature, and would likely aid in the conviction of defendant. We hold that the warrant application is competent evidence to support the quoted portions of the trial court's first three findings of fact. Furthermore, conclusion of law number two tracks these findings of fact and we hold it is a sufficient basis to affirm the trial court's denial of defendant's motion to suppress. Therefore, the trial court did not err.
Aggravating Factors
On appeal, the defense also contends that the trial court erred in applying the aggravating factor that the victims were very young because there was no evidence to support a jury finding that the victims were especially vulnerable.
The trial court's application of an aggravating factor during sentencing is a question of whether there is sufficient evidence to support the finding by the jury. State v. Deese,127 N.C.App. 536, 540, 491 S.E.2d 682, 685 (1997). Sufficiency of the evidence is reviewed de novo. See State v. Bagley,183 N.C.App. 514, 526, 644 S.E.2d 615, 623 (2007).
In support of its argument that the trial court erred, the defense cites State v. Rudisill,137 N.C.App. 379, 527 S.E.2d 727 (2000), in which this Court held that the aggravating factor that the victim was very young was improperly applied because the evidence showed only that the victim was seven years old. Id.at 381, 527 S.E.2d at 728. In so holding, this Court explained as follows:
Where age is an element of the offense, ... the trial court can properly find the statutory aggravating factor based on age if "the evidence, by its greater weight, shows that the age of the victim caused the victim to be more vulnerable to the crime committed against him than he otherwise would have been[.]"
Id.at 380, 527 S.E.2d at 727 (quoting State v. Farlow,336 N.C. 534, 540, 444 S.E.2d 913, 917 (1994) ). In Rudisill,this Court held "the victim's age, alone, [did] not demonstrate that he was more vulnerable to the assault ... than an older child would have been." Id.at 381, 527 S.E.2d 728.
Similar to Rudisill,the defense argues there is no evidence in the record in this case, other than the victims' ages, to show that any of the victims were more vulnerable to the crimes committed than they otherwise would have been if they were older.
While we acknowledge the rule in Rudisill,we find defendant's reliance on the rule in this case misguided. As the State points out, although this Court held age alone was insufficient for the seven-year-old victim in Rudisill,this Court conceded age alone could be enough "in cases where the child is of such tender age that the vulnerability is established by consideration of the nature of the crime."Id.Thus, age alone could be sufficient when a victim is in the lower end of this age spectrum.
In this case, defendant was convicted of taking indecent liberties with a minor and first degree sexual exploitation of a minor. For the crime of the taking of indecent liberties, the victim must be under the age of sixteen. SeeN.C. Gen.Stat. § 14202.1(a) (2013). For the crime of first degree sexual exploitation of a minor, the victim must merely be a minor. SeeN.C. Gen.Stat. § 14-190.16(a) (2013).
Upon consideration of the victim's ages in this case, we agree with the State and hold evidence of the ages of M.G. and L.G., 3 and 5 respectively, was sufficient to establish they were more vulnerable to the crimes than an older child would have been, as their ages fall near the bottom of the age spectrum and there is no doubt they are more vulnerable than a child whose age falls in the middle or top of the age spectrum. As for A.G., who at seven years old falls in the middle of the age spectrum, assuming her age alone was not sufficient to support application of the aggravating factor, see Rudisill,137 N.C.App. at 381, 527 S.E.2d at 728, there is sufficient evidence in the record to support a finding that she, as well as her sisters, was especially vulnerable due to her young age. The record establishes that defendant had a caretaking and guardian role over the victims. A seven year old living with an abusive de facto guardian is clearly more vulnerable and less likely to avoid victimization than an older child in a similar situation. See State v. Starner,152 N.C.App. 150, 155, 566 S.E.2d 814, 817 (2002) ("A child of four years is far more vulnerable than an older child because she is less able to verbalize the abuse that has happened to her."). For example, a fifteen year old would be more able to leave the home, report the abuse, or better fend off any attacks. It is unreasonable to expect a seven-year-old child who has been abused by a parental figure to have the knowledge or capability to leave the home and report the abuse to the proper authorities.
For the forgoing reasons, we conclude there was sufficient evidence in the record to support a jury finding that all three victims were especially vulnerable because of their young age. Thus, the trial court did not err in applying the aggravating factor to all offenses.
The defense further contends that even if there was sufficient evidence to support a jury finding of this aggravating factor, the trial judge erred in instructing the jury on the aggravating factor.
Since the defense failed to object at trial and properly preserve this issue for appeal, our review of whether the jury instructions were improper is limited to review for plain error.
For error to constitute plain error, a defendant must demonstrate that a fundamental error occurred at trial. To show that an error was fundamental, a defendant must establish prejudice that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty. Moreover, because plain error is to be applied cautiously and only in the exceptional case, the error will often be one that seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.
State v. Lawrence,365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012) (internal quotation marks and citations omitted).
During the jury instructions, the trial court instructed the jury to apply age as an aggravating factor if they "find from the evidence beyond a reasonable doubt that the victims were very young[ .]"
The defense contends that while a trial judge would understand that age alone is not a sufficient basis for the aggravating factor, a jury would not unless so instructed. Thus, the defense argues the jury was allowed to find the aggravating factor based on the victims' ages alone.
Assuming the jury only considered the ages of the victims as a result of the trial court's instructions, the defense has not met the burden of showing the error amounted to plain error. As stated above, for M.G. and L.G., the jury was certainly allowed to consider only their ages since they were near the lower end of the age spectrum. Therefore, the jury instruction did not have a probable impact on the verdicts in regards to the offenses committed against M.G. and L.G. As for the offenses committed against A.G., there is sufficient evidence in the record to show that A.G. was especially vulnerable due to her age. Thus, a jury would still likely find that A.G. was more vulnerable and less likely to avoid victimization than an older child in a similar situation. Accordingly, we hold the defense did not establish that, absent the error, the jury probably would have returned a different verdict and the defense has not shown the necessary prejudicial effect to establish the error was fundamental.
Accordingly, we affirm the trial court's application of the aggravating factor that the victims were very young.
III. Conclusion
For the reasons discussed above, the trial court did not err in denying defendant's motion to suppress or in applying the aggravating factor that the victims were very young.
NO ERROR.
Judge STEELMAN concurs. Concurred prior to 30 June 2015.
Judge STEPHENS concurs.
Report per Rule 30(e).
Opinion
Appeal by defendant from judgments entered 7 February 2014 by Judge John O. Craig III in Forsyth County Superior Court. Heard in the Court of Appeals 6 May 2015.

Initials are used to protect the identities of the juveniles.

At the outset of our analysis, we note that defendant has failed to include the search warrant application in the record on appeal, making our review of this issue more difficult. The North Carolina Rules of Appellate Procedure require our review to be based "solely upon the record on appeal, the verbatim transcript of proceedings, ... and any other items filed pursuant to this Rule 9." N.C. R.App. P. 9 (2015). Nevertheless, because neither party raises the issue on appeal, both parties are in general agreement with the contents of the search warrant application, and defendant has included the warrant application in the appendix to his brief, we reach the merits of defendant's argument.